### 7216

### TOWN OF UNION v. HAMPTON.

TOWNS AND CITIES—SENTENCE—CONSTITUTIONAL LAW.—Under Section 2004, Code 1902, the mayor or intendant of a city or town should give one convicted of violating a municipal ordinance an alternative sentence. Said section does not violate Section 33 of Article V of Constitution. Said section is not limited by Section 2003 limiting the jurisdiction of magistrates.

Before KLUGH, J., Union, ———, 1908. Reversed.

Indictment by the Town of Union against Cordoza H. Hampton. From Circuit order modifying judgment of mayor, defendant appeals.

*Messrs. J. K. Hamblin* and *Townsend & Townsend,* for appellant. *Messrs. Townsend & Townsend* cite: *On point submitted:* 11 S. C., 294.

*Mr. J. Ashby Sawyer,* contra, cites: *On point submitted:* 15 Stat., 7; 17 Stat., 409; 21 Stat., 357, 696; 11 S. C., 288; 44 S. C., 362; 22 Stat., 468.

June 16, 1909. The opinion of the Court was delivered by

MR. JUSTICE GARY. The defendant was tried by a jury in the mayor's court under the charge of keeping a bawdy house, in violation of the ordinances of the town of Union. The jury found him guilty, and he was sentenced to thirty days on the chaingang.

On appeal to the Circuit Court the sentence was affirmed, except in one particular—the number of days was changed from thirty to twenty, so as to conform to the provisions of the charter of said town.

The defendant has appealed again upon numerous exceptions, all of which were abandoned except those raising the

question whether his Honor, the presiding Judge, erred in imposing a single, instead of an alternative, sentence of a fine.

Section 2 of the Act of 1897 (p. 498), entitled: "An Act to define the jurisdiction of and to settle the procedure in municipal courts of the cities and towns of this State" (incorporated in Vol. I, of the Code of Laws, as section 2004) is as follows: "Whenever said mayor, intendant, or mayor *pro tempore,* shall find the party charged before him guilty of violating an ordinance of said town, he shall have power to impose, in his discretion, a fine, or imprisonment in the alternative, not to exceed the limits prescribed for such violation by the ordinances of said city or town, and such imprisonment may be accompanied with the additional requirement of hard labor on the streets of said city or town, under such regulations as by ordinances may be established."

The respondent's attorney contends that the words, "in his discretion," and "in the alternative," are inconsistent, and that the words, "in the alternative," should be stricken out.

In the first place, this section relates to the punishment of those charged with a violation of the town ordinances, and, therefore, must be strictly construed. So that, if there is such an inconsistency between said words, that both expressions can not stand, the words, "in his discretion," should be eliminated. But our construction is that the words, "in his discretion," have reference to the extent of the respective punishments and not to the question whether he had the right to impose a single, instead of an alternative, sentence.

Again, the respondent's attorney argues that the foregoing provisions of the Act of 1897 are in conflict with sec. 33, Art. V of the Constitution, which is as follows: "Circuit Courts, and all courts inferior thereto, and municipal courts, shall have the power, in their discretion, to impose sentence of labor upon highways, streets, and other

public works, upon persons by them sentenced to imprisonment." In the case of *State* v. *Williams,* 40 S. C., 373, 19 S. E., 5, it was held that a statute which authorized the trial justice to sentence a convict to hard labor on the streets, during the term of his imprisonment, added an additional punishment, and was, therefore, unconstitutional and void. It was to meet this view of the law that the foreging section was incorporated in the Constitution. That section was not intended to interfere with the procedure in municipal courts, but simply to provide for an additional punishment, which could not be inflicted without such a provision.

The respondent's attorney, likewise, relies upon certain provisions in the charter of said town, among which is that which declares the intendant (now mayor) shall "be vested with all the powers of trial justices, or other inferior courts in this State, within the limits of the said town;" and upon section 12 of the Criminal Code, which is as follows:

"They (magistrates) shall have jurisdiction of all offenses which may be subject to the penalties of either fine or forfeiture, not exceeding one hundred dollars, or imprisonment in the jail or workhouse not exceeding thirty days, and may impose any sentence within those limits, singly or in the alternative."

Section 1 of the Act of 1897, p. 498 (incorporated in the Code of Laws as section 2003) provides that "the intendants or mayors of the cities and towns of this State that have been heretofore chartered, or that may be hereafter chartered, by special act of the General Assembly, or under general laws, shall have all the powers and authority or magistrates in criminal cases within the corporate limits, and police jurisdiction, of their respective cities and towns." The Act of 1897 contains the usual repealing clause. It can not be successfully contended that in conferring upon intendants and mayors the powers of magistrates the legislature intended to nullify the provisions of section 2 of the Act of 1897.

It is the judgment of this Court that the judgment of the Circuit Court be reversed and the case remanded to that Court for the sole purpose of an alternative sentence.