## 18861

William David ZORN, as Administrator of the Estate of Diane Zorn, Respondent, v. Fred CRAWFORD, Appellant

(165 S. E. (2d) 640)

128

*Messrs. Henderson, Salley, Cushman & Bodenheimer, and Julian B. Salley, Jr.,* of Aiken, *for Appellant,*

*Messrs. Blatt, Fales & Peeples,* of Barnwell, *for Respondent,*

January 22, 1969.

LEWIS, Justice.

Plaintiff's intestate, Miss Diane Zorn, was killed on April 1, 1966, about 7:30 P.M., when the automobile in which she was a passenger collided head on with an automobile operated by one Herman Sanders just south of Barnwell, South Carolina, on Highway No. 278. The vehicles were meeting and the collision allegedly occurred when Sanders suddenly turned to his left into the path of the vehicle in which Miss Zion was riding in order to avoid colliding with the rear of defendant's improperly lighted farm tractor which was being operated on the highway at the time. Plaintiff, for a consideration of $4,575.00, entered into a convenant not to sue Sanders, the operator of the other automobile, and brought this action against the defendant, the owner of the tractor, to recover for the alleged wrongful death of Miss Zorn, alleging that the collision was brought about by the delicts of defendant and his employee in operating a farm tractor on the highway without proper lights.

The trial of the case resulted in a verdict for plaintiff in the amount of $250,000.00, actual damages, from which was deducted the sum of $4,575.00 received by plaintiff under the covenant not to sue, leaving a total judgment against defendant of $245,425.00. This appeal is from an order of the lower court refusing defendant's motions for judgment in his favor notwithstanding the verdict and, in the alternative, for a new trial. The appeal from the refusal of the motion for judgment notwithstanding the verdict is based upon the contention that the evidence fails to show that defendant was guilty of any negligence which was a proximate cause of the collision. A new trial is sought, in the alternative, on the grounds that (1) the jurors were subjected to improper outside influence in the course of their deliberations and (2) the verdict was so excessive as to show that it was the result of caprice, passion and prejudice on the part of the jury.

Defendant contends that judgment should have been entered in his favor solely upon the ground that there was no evidence from which a reasonable inference could be drawn that he was guilty of any negligence which was a proximate cause of the collision in question.

We think that the issues relative to the actionable negligence of the defendant and his employee were properly submitted to the jury for determination. No one contends that the driver of the automobile in which the deceased was riding was in any way at fault in bringing about the collision. Therefore, responsibility for the accident rested upon either Herman Sanders, driver of the other automobile, or the defendant, or both. The fact that the negligence of Herman Sanders may have contributed to the collision did not relieve the defendant of liability if defendant's negligence was a concurring proximate cause thereof. This is in accord with the settled principal "that negligence or recklessness, to render a person liable, need not be the sole cause of an injury. It is sufficient to show that it is a proximate concurring cause." *Shearer v. DeShon*, 240 S. C. 472, 126 S. E. (2d) 514.

There was evidence to sustain the conclusion that the collision in question occurred about dark on April 1, 1966, when vehicles travelling upon the highways were required to display lights; that the head lights on both automobiles were on; that Herman Sanders was operating his automobile upon the highway in a prudent manner when he overtook defendant's farm tractor and disc harrow from the rear; that the tractor and disc harrow either displayed no lights or were so improperly lighted that little or no warning was afforded traffic approaching from the rear of their presence on the highway; and that in order to avoid colliding with the rear of the tractor and disc harrow. Herman Sanders swerved his automobile to the left and collided with the oncoming automobile in which the deceased was riding.

Further review of the testimony would serve no useful purpose. Viewing the evidence in the light most favorable to plaintiff, as we are required to do, a reasonable inference may be drawn that the defendant's employee was negligent in driving the tractor along the highway on the occasion in question without lights or improperly lighted in violation of Section 46-512, and related sections, of the 1962 Code of Laws, and that the violation of these statutes, enacted to guard against the dangers from unlighted or improperly lighted vehicles on the highway, was a proximate cause of the collision. It is reasonably inferable that, but for the failure of the defendant and his employee to have the tractor and disc harrow properly lighted, the driver of the vehicle approaching from the rear could have ascertained their presence upon the highway in time to have avoided the collision.

Since the present occurrence was of the type intended to be prevented by observance of the foregoing statutory provisions, their nonobservance by defendant was properly considered a proximate cause of the injury to plaintiff's intestate. *Ayers v. Atlantic Greyhound Corp.,* 208 S. C. 267, 37 S. E. (2d) 737. The issues of negligence and proximate cause were properly submitted to the jury for determination; and defendant's motion for judgment notwithstanding the verdict was properly refused.

The remaining questions arise under defendant's motion for a new trial. The first concerns the contention that the jurors were subjected to improper outside influence during their deliberations. It is contended that one of plaintiff's witnesses entered the jury room and that such had the effect of unduly influencing the jury. Whether or not a new trial will be granted upon such ground is a question addressed to the discretion of the trial judge and his decision thereon will not be reversed unless there is clear evidence of abuse of such discretion. *Davis v. Littlefield,* 97 S. C. 171, 81 S. E. 487. No abuse of discretion has been shown in this case.

The following factual findings by the trial judge are amply supported by the record and are conclusive upon this issue:

"It appears that a number of people were standing in the hall of the Courthouse outside of the jury room, including a witness in the case, Deputy Sheriff W. E. Wood, who had testified in behalf of the plaintiff, and it appears that the foreman of the jury partially opened the jury room door and requested a bailiff, who was seated outside the door, to bring ashtrays to the jury room. I find from the affidavits submitted that the bailiff and Deputy Sheriff Wood went to an adjoining room in the Courthouse, secured several ashtrays, and brought these ashtrays to the door of the jury room and put them on the floor in the jury room, and I find that neither the bailiff nor Deputy Sheriff Wood said anything to the jury nor did they actually enter the jury room, and nothing was said to either of them nor to anyone else by anyone on the jury, and as soon as these ashtrays were placed on the floor in the jury room, the foreman of the jury shut the door. Based on these factual findings, I have concluded that there was no interference in any way with the deliberations of the jury, nor was the jury in any manner intimidated by outside influence while considering this case."

The final question concerns the alleged excessiveness of the verdict. After the rendition of the verdict in the amount of $250,000.00, actual damages, the defendant moved for a new trial absolute upon the ground that it was so excessive as to indicate caprice, passion, or prejudice on the part of the jury and, in the alternative, moved for a new trial *nisi* on the ground that the amount indicated undue liberality and should be reduced by the trial judge. The trial judge refused both motions, holding that the size of the verdict indicated neither capriciousness nor undue liberality on the part of the jury. The defendant has appealed therefrom upon the following exception:

"That the trial judge erred in refusing defendant's motion for a new trial *nisi* on the ground that the verdict was so

excessive as to shock the conscience of the court and was the result of passion or prejudice, in that the verdict was in the sum of $250,000.00, the full amount prayed for and was grossly excessive and unreasonable and was the result of passion and prejudice."

At the outset we must determine the extent of our review of the verdict under the above exception. Plaintiff contends that the exception challenges only the lower court's refusal of defendant's motion for a new trial *nisi* because of excessiveness, admittedly, a question not subject to review by this court. Defendant argues, on the other hand, that the question presented is whether the amount of the verdict is so excessive as to indicate that it was the result of caprice, passion or prejudice on the part of the jury which, if true, would require that we grant a new trial. See *Elliott v. Black River Electric Cooperative,* 233 S. C. 233, 104 S. E. (2d) 357, 74 A. L. R. (2d) 907; *Fennell v. Littlejohn,* 240 S. C. 189, 125 S. E. (2d) 408.

The exception charges that the lower court erred in refusing to grant a new trial *nisi* because the verdict was so excessive as to indicate passion or prejudice on the part of the jury. Therefore, error is charged in refusing a new trial *nisi,* which is not subject to review by this court, upon grounds which, if sustained, are subject to appellate review and would entitle defendant to a new trial absolute. The problem here is to determine whether, as the defendant contends, the exception embraces an assignment of error for refusal to grant a new trial absolute. If it does not, then plaintiff is correct in the contention that the exception presents no question for review. In construing the exception we are governed by the general principle, set forth in *McMahan v. Walhalla Light and Power Co.,* 102 S. C. 57, 86 S. E. 194, that "when this court comes to construe an exception, it will make its construction as liberal as the language will allow, in order to decide the question involved, unless it is satisfied that the statement has mislead the respondent to his injury."

Although the exception is inartfully drawn, the grounds stated and the brief of defendant clearly indicated that the question sought to be raised was whether the defendant was entitled to a new trial absolute because the verdict was so excessive as to indicate that it was the result of caprice, passion, or prejudice on the part of the jury. The brief of defendant was devoted solely to this question and sought only a new trial absolute. There can be no doubt that plaintiff was sufficiently apprised of the question sought to be raised and no prejudice has been shown from the manner in which the exception was stated.

The question then is whether the verdict in the amount of $250,000.00 actual damages was so shockingly excessive as manifestly to show that the jury was actuated by passion, partiality, prejudice or other improper considerations. We have concluded that it was and that a new trial must be granted.

Miss Zorn, the deceased, was fifteen years of age at the time of her death, in good health, an average student academically, active in her church, obedient, polite, and one of a closely knit family group. The record sustains the conclusions of the trial judge that the deceased "was an outstanding young lady, respected and admired by all who knew her."

This action for wrongful death was brought by the administrator under Section 10-1952 of the 1962 Code of Laws for the benefit of the mother and father of the deceased. Section 10-1954 provides that "in every such action the jury may give such damages, * * *, as they may think proportioned to the *injury resulting* from such death *to the parties respectively for whom and for whose benefit such action shall be brought.*" (Emphasis added).

In determining the amount of the damages to be awarded in an action under the statute for wrongful death, the question is not one of the value of the human life, but is rather the damages sustained by the beneficiaries, (here, the father and mother), from the death of

the deceased. *Bennett v. Spartanburg Ry., Gas & Electric Co.*, 97 S. C. 27, 81 S. E. 189.

There is no evidence that the deceased had any earning capacity and it cannot be assumed that the parents suffered any pecuniary loss from the death of their fifteen year old daughter. In the absence of testimony as to pecuniary loss, it was not an element of damage. *Mock v. Atlantic Coast Line Railroad Co.*, 227 S. C. 245, 87 S. E. (2d) 830.

Therefore, the only elements of damage which any be considered in this case are "such mental shock and suffering, wounded feelings, grief and sorrow, loss of companionship and deprivation of the use and comfort of intestate's society as the beneficiaries may have sustained as the result of the death of the intestate." *Mock v. A. C. L. R. Co.*, supra.

The assessment of such intangible elements of damage is most difficult and the court is always reluctant to interfere with the exercise of the jury's discretion in fixing the amount to be awarded. The loss to parents from the untimely death of a devoted child is not to be minimized. However, there must be some limitation on the amount to be awarded in such cases. As stated in *Nelson v. Charleston & W. C. Ry. Co.*, 231 S. C. 351, 98 S. E. (2d) 798, quoting in part from the *Mock* case, "the propriety of the exercise by this Court of its power to set aside a verdict on the ground that it is so shockingly excessive as to manifestly show that the jury was actuated by passion, prejudice or other considerations not founded on the evidence 'is inherently difficult where, as in the case at bar, there is no tangible factor of damage, such as earning capacity, and the standard of recovery must be measured only by such imponderables as mental anguish, grief and loss of companionship.' The valuation to be placed upon these elements is wisely left to the discretion of the jury. But it does not follow that the amount which may be awarded is wholly without any limita-

tion. The determination is not left to the whim or caprice of the jury. There must be some semblance of a basis for justifying the verdict."

After a careful review of all of the facts and circumstances, we are convinced that a verdict of $250,-000.00 for the actual damages sustained by the beneficiaries in this case is not supported by the evidence and can only be explained upon the basis of sympathy, passion or prejudice on the part of the jury. The verdict must accordingly be set aside and a new trial granted.

Reversed and remanded for a new trial.

Moss, C. J., and Bussey, Brailsford, and Littlejohn, JJ., concur.