20997

STATE of South Carolina, ex relatione Daniel R. McLEOD, Plaintiff,
v. Thomas G. NESSLER, Jr., in his official capacity as Municipal
Recorder in the City of Greenville, South Carolina, and as a
representative of all other municipal recorders in South Carolina
similarly situated, Defendant.

(256 S. E. (2d) 419)

*Atty. Gen. Daniel R. McLeod, Deputy Atty. Gen. Emmett H. Clair* and *Asst. Atty. Gen. Charles H. Richardson,*
Columbia, *for plaintiff.*

*Glen S. Baldwin,* Greenville, *for defendant.*

June 26, 1979.

GREGORY, Justice:

This declaratory judgment action was brought by the Attorney General under Section 15-53-10 *et seq.,* 1976 Code
of Laws of South Carolina, in the original jurisdiction of
this Court, to determine the following agreed question:

Is a municipal recorder of a municipal court established
pursuant to Section 14-25-910 of the 1976 Code of Laws

authorized to sentence a criminal defendant found guilty of a particular offense singly instead of in the alternative?

Section 14-25-910, as amended April 24, 1979, provides for the establishment of municipal recorder's courts:

The governing body of any municipality in this State may establish, by ordinance, a municipal court for the trial and determination of all cases arising under the ordinances of such municipality.

The court is held by a recorder who is elected by the mayor and aldermen pursuant to Section 14-25-920, 1976 Code. The jurisdiction of the recorder's court is set forth in Section 14-25-970:

Such municipal court shall have jurisdiction to try and determine all cases arising under the ordinances of the city in which the court is established and generally shall have all such judicial powers and duties as are now conferred upon the mayor of such city, either by its charter or by the laws of this State. The municipal court shall also have all such powers, duties and jurisdiction in criminal cases made under municipal or State law as are now conferred by law upon the magistrates appointed and commissioned for the county in which the court is established, except that such court shall not have the authority of a magistrate to appoint a constable.

The issue presented by this action arises from the wording of Section 14-25-970. The first sentence of Section 14-25-970, states that the recorders "shall have all such judicial powers and duties as are now conferred upon the mayor of such city, either by its charter or the laws of this State." Under the statutes that delineate the judicial powers and duties of a mayor, the mayor is specifically required to sentence a criminal defendant in the alternative. Section 14-25-50; *Town of Union v. Hampton,* 83 S. C. 46, 64 S. E. 1017 (1909).

The second sentence of Section 14-25-970 states that "the municipal court shall also have all such powers, duties and

jurisdiction in criminal cases made under municipal or State law as are now conferred by law upon the magistrates." Section 22-3-550, 1976 Code, as amended, authorizes the magistrates to sentence a criminal defendant singly or in the alternative.

The Attorney General argues that the first sentence of Section 14-25-970 is controlling and that municipal recorders are required to sentence in the alternative. The defendant Nessler argues that the second sentence of Section 14-25-970 is controlling and that municipal recorders are empowered to sentence singly or in the alternative.

In determining the meaning of a statute, it is the duty of this Court to give force and effect to all parts of the statute, if possible. *Bradford v. Byrnes,* 221 S. C. 255, 70 S. E. (2d) 228 (1952). Section 14-25-970 provides that a municipal recorder shall have the judicial power of a mayor and "shall also have" the judicial power of a magistrate. We can conceive of no other reason why the words just quoted should have been inserted in the statute except to show that a municipal recorder possesses the judicial power of a magistrate in addition to the judicial power of a mayor. The use of the word "also" shows that the General Assembly intended an additional power to be conferred, *City Council of Anderson v. O'Donnell, 29* S. C. 355, 7 S. E. 523 (1888), and that the judicial power of the municipal recorders should not be limited to the judicial power allotted to mayors.

Accordingly, we conclude that the authority of a municipal recorder to impose sentence is not limited to the authority of a mayor to impose sentence in the alternative, but is extended by Section 14-25-970 to include the authority of a magistrate to sentence singly or in the alternative.

Lewis, C. J., and Littlejohn, Ness and Rhodes, JJ., concur.