1441

Mary Louise SELF, Administratrix of the Estate of Jason Dyshon Self, deceased, Appellant v. Albert GOODRICH, M.D., and McLeod Regional Medical Center, Respondents.

(387 S. E. (2d) 713)

Court of Appeals

*D. Kenneth Baker* and *Larry R. Jackson*, Darlington, *for appellant.*

*Saunders M. Bridges* and *Helen T. McFadden*, both of *Bridges & Orr*, and *John S. Wilkerson III* and *Flo S. Lester*,

both of *Turner, Padget, Graham & Laney,* Florence, *for respondents.*

Heard Nov. 14, 1989.

Decided Dec. 18, 1989.

CURETON, Judge:

This is a medical negligence case arising from the death of an infant. The trial court directed a verdict for the respondents at the conclusion of the evidence. The court held the appellant failed to present any evidence of damages. The appellant appeals the order of the court.

Mary Louise Self, the appellant, was the mother of Jason Dyshon Self. The child was born prematurely in January 1984. After he came home from the hospital, Jason developed a breathing problem. His mother testified on February 10 she noticed he was breathing heavy and had a rattle in his chest. She took him to his pediatrician. Self testified the pediatrician said Jason was fine. Three days later she took Jason to another doctor who also found the child to be fine. His condition did not improve and on February 16 she took the child to McLeod Regional Medical Center where he was seen in the emergency room by Dr. Albert Goodrich, an emergency room physician and Dr. Luke Baxley, a family practice resident on rotation in emergency. After an examination and X-rays of the child, Self was referred back to the pediatrician. The pediatrician again saw the child on the following day and prescribed nose drops. Jason died on February 20, 1984. The autopsy report concluded he died of bilateral bronchopneumonia.

Self brought an action for the alleged wrongful death of her son. She was the statutory beneficiary of the action. The complaint alleged she had been damaged by the death of her child. Specifically, the complaint stated as follows:

> [H]is parent has been caused great mental shock and suffering. She has in the past and will forever be caused grief and sorrow because of herr (sic) loss of decedent's love, society and companionship. She has been deprived of decedent's services, experience and judgment as well as his monetary contributions to her.

The answer of Goodrich in response to this allegation admitted that "the death of the patient has caused mental shock and suffering to his parent and that she will be grieved and sorrowed because of her loss, but this Defendant denies the remaining allegations of said paragraph." McLeod Regional Hospital denied the allegation in its answer.

The case was tried before the court and a jury. At the conclusion of all the evidence counsel for both respondents moved for a directed verdict on the ground there had been no evidence of any element of damages including pecuniary loss, mental shock, wounded feelings, loss of companionship, or grief and sorrow. The appellant argued the jury could presume damages under South Carolina law based upon the intimacy of a parent-child relationship. The trial court granted the directed verdict motions. The court also granted a motion by Goodrich to amend his answer to comply with the proof of no showing of damages by the appellant.

## PRESUMPTION OF DAMAGES

In a wrongful death case the question of damages is not directed toward the value of the human life that was lost, but rather the damages sustained by the beneficiaries as a result of the death. *Zorn v. Crawford*, 252 S. C. 127, 165 S. E. (2d) 640 (1969). The general elements of damages recoverable are: (1) pecuniary loss, (2) mental shock and suffering, (3) wounded feelings, (4) grief and sorrow, (5) loss of companionship, and (6) deprivation of the use and comfort of the intestate's society, including the loss of his experience, knowledge, and judgment in managing of the affairs of himself and of his beneficiaries. *Smith v. Wells*, 258 S. C. 316, 188 S. E. (2d) 470 (1972); *Mishoe v. Atlantic Coast Line R.R. Co.*, 186 S. C. 402, 197 S. E. 97 (1938).

Because Self failed to present evidence of pecuniary damages, the initial inquiry is whether she is entitled to the presumption she sustained damages based solely on her relationship to Jason. The general rule is that a presumption of pecuniary loss exists in favor of those legally entitled to services or support from the deceased. 25A C.J.S. *Death* Section 118 (1966). The law also appears to extend this presumption of pecuniary loss to parents entitled to the services and earnings of their minor child even though the

child was killed before it reached an age where it could actually render services of a pecuniary nature. 22A Am. Jur. (2d) *Death* Section 442 (1988).

The law in South Carolina, however, appears to be contrary to the general law. In *Mock v. Atlantic Coast Line R.R. Co.*, 227 S. C. 245, 87 S. E. (2d) 830 (1955), an action for the wrongful death of a twelve year old boy brought for the benefit of the parents, the court stated:

> It will be assumed that he was held in loving esteem by his parents and that they experienced the natural feelings of grief in the loss of a loving son. It cannot, however, be assumed that they suffered any pecuniary loss in his passing. The elements of damage in such a case are mental shock and suffering, wounded feelings, grief and sorrow, loss of companionship and deprivation of the use and comfort of intestate's society as the beneficiaries may have sustained as the result of the death of the intestate.

*Id.* at 259, 87 S. E. (2d) at 836. The logic of *Mock* is continued in *Zorn v. Crawford*, 252 S. C. 127, 165 S. E. (2d) 640 (1969). In that case the court stated that because the evidence did not show the deceased, a fifteen year old girl, had any earning capacity it could not be assumed her parents suffered any pecuniary loss from her death. The court stated the only elements of damage which could be considered were "such mental shock and suffering, wounded feelings, grief and sorrow, loss of companionship and deprivation of the use and comfort of intestate's society as the beneficiaries may have sustained as a result of the death of the intestate." *Id.* at 137, 165 S. E. (2d) at 645. *See also Lucht v. Youngblood*, 266 S. C. 127, 221 S. E. (2d) 854 (1976).

Based on *Mock* and *Zorn* we hold Self was entitled to have the issue of damages submitted to the jury. *See* Annotation, *Excessiveness or adequacy of damages awarded for parent's noneconomic loss by personal injury or death of child*, 61 A.L.R. 4th 413 (1988).

## AMENDMENT TO PLEADINGS

As indicated above, the trial court granted Goodrich's motion to remove the admission from his answer that Self suffered mental shock and suffering and that she "will be grieved and sorrowed" because of Jason's death. The court reasoned that in view of the fact the hospital had denied any damages Self was required, in any event, to present evidence of damages to recover against the hospital. Since no evidence of damages was presented, Self was not prejudiced by the amendment. Because we have held Self is entitled to the presumption of nonpecuniary damages, the allowance of the amendment makes no difference. Since neither the hospital nor Goodrich offered any evidence to rebut the presumption of damages, the presumption had the effect of taking the case to a jury. *See* J. P. Thames and W. M. Von Zharen, *A Guide to Evidence Law In South Carolina* 67 (1987). Thus, it was error for the trial judge to refuse to submit the issue of damages to the jury.

## ADDITIONAL SUSTAINING GROUNDS

Goodrich argues as additional sustaining grounds that his motion for directed verdict was properly granted because (1) the only conclusion to be drawn from the evidence is that the intervening actions of the pediatrician were the proximate cause of Jason's death, and (2) Self failed to produce any evidence of a breach of a duty of care which was a proximate cause of her injury. Our review of the record does not reflect these grounds were argued in support of Goodrich's motion for directed verdict. To form a basis for affirmance, the additional sustaining grounds must have been presented to the trial court for its ruling and lead to the same result that the trial court reached. *Colonial Life & Accident Ins. Co. v. S. C. Tax Comm'n.*, 233 S. C. 129, 103 S. E. (2d) 908 (1958).

The hospital argues as an additional sustaining ground in support of the trial judge's decision that Self failed to introduce any evidence (1) of negligence by the hospital which was the proximate cause of Jason's death; (2) from which the jury could find that Goodrich was its agent; or (3) that it was liable for Goodrich's acts under any theory.

We have reviewed the record and considered the argu-

ments of the parties and find no evidence that either the hospital or Baxley, the resident physician on duty the day Jason was brought to the hospital, was negligent. All agree Baxley examined Jason under the supervision of Goodrich. The record shows he had no authority to admit Jason to the hospital or prescribe a course of treatment for him. In fact, Baxley left to go to class prior to the time Jason was sent home by Goodrich in his mother's care. Baxley signed over the care of the child to Goodrich. No one contends any other employee or agent of the hospital was negligent. As we read Self's expert witness's testimony, she acknowledged that neither Baxley nor the hospital staff was negligent.

This brings us to the question of whether there is any evidence to support a finding that Goodrich was the agent or servant of the hospital so that his alleged negligence may be imputed to the hospital. All of the evidence shows Goodrich was an independent contractor. Self presented no evidence to refute the contract between Goodrich and the hospital which designated him an independent contractor. Further, she did not refute Goodrich's testimony that he was an independent contractor and the hospital had no control over the manner in which he treated Jason. Moreover, as we read Self's reply brief, it appears she imputes negligence to the hospital through Baxley not Goodrich.

Having found the hospital was not negligent, we affirm the order of the trial court granting directed verdict to the hospital. Accordingly the order of the trial court is affirmed in part, reversed in part, and remanded for a new trial as to Goodrich only.

Affirmed in part, reversed in part, and remanded.

SHAW and BELL, JJ., concur.