24057

Doris K. BALLARD, Appellant v. Jerry BALLARD, Respondent.

(443 S.E. (2d) 802)

Supreme Court

*James C. Williams, Jr., Williams and Houser*, Orangeburg, *for appellant.*

*Tania L. Leon* and *C.O. Ackerman, Jr.*, Charlotte, NC, *for respondent.*

Heard March 3, 1994.

Decided April 25, 1994.

MOORE, Justice:

This appeal is from an order distributing the proceeds from settlement of a wrongful death action. We affirm.

## FACTS

The parties to this appeal are the parents of Stacy Franklin Ballard. Stacy died at the age of eighteen, three years after the parties divorced. Appellant (Mother)·commenced this wrongful death action in her capacity as personal representative to recover for injuries resulting from Stacy's death. Mother settled the action for $300,000 and then petitioned the court for approval alleging respondent (Father) was not entitled to recovery under the Wrongful Death Act because he failed to visit Stacy or contribute to his support. The trial court divided the proceeds equally between the parties. Mother appeals.

## ISSUE

Are statutory beneficiaries entitled to share recovery under the Wrongful Death Act according to their respective shares as heirs in intestacy regardless of the proportion of their injury?

## DISCUSSION

Under S.C. Code Ann. § 15-51-20 (Supp. 1993), a personal representative may bring a wrongful death action for the benefit of statutory beneficiaries, including the parents of the deceased where there is no surviving spouse or child as in this case. Damages recoverable for

wrongful death are the damages sustained by the statutory beneficiaries resulting from the death of the decedent, including pecuniary loss, mental shock and suffering, wounded feelings, grief, sorrow, and loss of society and companionship. *Garner v. Houck*, — S.C.—, 435 S.E. (2d) 847 (1993); *Smith v. Wells*, 258 S.C. 316, 188 S.E. (2d) 470 (1972); *Zorn v. Crawford*, 252 S.C. 127, 165 S.E. (2d) 640 (1969).

S.C. Code Ann. § 15-51-40 (1976), which governs the distribution of damages in a wrongful death action, provides in pertinent part:

> In every such action the jury may give such damages ... as they may think *proportioned to the injury resulting from such death* to the parties respectively for whom and for whose benefit such action shall be brought. And *the amount so recovered shall be divided among the before-mentioned parties in such shares as they would have been entitled to if the deceased had died intestate* and the amount recovered had been personal assets of his or her estate. (Emphasis added.)

The trial court interpreted this statute to require distribution of the proceeds as if in intestacy resulting in an equal share to each parent. *See* S.C. Code Ann. § 62-2-103 (1987). Mother contends under § 15-51-40 each statutory beneficiary's recovery for wrongful death should instead be "proportioned to the injury" of that individual. We disagree.

We construe § 15-51-40 to allow a total recovery equal to those damages proved to have been sustained by the statutory beneficiaries in a wrongful death action; the distribution of those damages among the statutory beneficiaries, however, is controlled strictly by the share each would take as an heir in intestacy regardless of the proportion of damages suffered by each. To construe the statute otherwise would be to read the provision regarding distribution out of the statute, a result this Court is constrained to avoid. *See State ex rel. McLeod v. Nessler*, 273 S.C. 371, 256 S.E. (2d) 419 (1979) (it is the duty of this Court to give effect to all parts and provisions of a statute and reconcile conflicts if possible).

We need not address Mother's remaining argument. *See Tri-County Ice and Fuel Co. v. Palmetto Ice Co.*, 303 S.C. 237,

399 S.E. (2d) 779 (1990) (issue not raised or ruled on below is not preserved for review).

Affirmed.

CHANDLER, Acting C.J., FINNEY and TOAL, JJ., and BRUCE LITTLEJOHN, Acting Associate Justice, concur.