THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Leola
 Richardson, as Personal Representative of the Estate of Dominick Richardson, Respondent,
 
 
 

v.

 
 
 
 P.V., Inc. and
 Harbor Inn, Inc., Appellants.
 
 
 

Appeal From Georgetown County
 Benjamin H. Culbertson, Circuit Court
Judge

Unpublished Opinion No. 2012-UP-247
 Heard January 26, 2012  Filed April 25,
2012    

AFFIRMED

 
 
 
 J. Dwight Hudson, of Myrtle Beach, for
 Appellants.
 William P. Walker, Jr., of Lexington, and
 Frances I. Cantwell, of Charleston, for Respondent.
 
 
 

PER CURIAM:  P.V.
 Inc. and Harbor Inn, Inc. (Appellants) appeal the trial court's award of $1,500,000
 in damages to Leola Richardson as the Personal Representative of the Estate of
 Dominick Richardson on her wrongful death claim.  We affirm.
1. We find no merit to
 Appellants' argument attempting to minimize their own negligence and shift the
 blame to the relatives who were with Dominick at the time he drowned.  See Roche v. Young Bros., 332 S.C. 75, 81, 504 S.E.2d 311, 314 (1998)
 (stating by suffering a default, the defaulting party is deemed to have
 admitted the truth of the plaintiff's allegations and to have conceded
 liability).  
2. We similarly find no
 merit to Appellants' contention that Richardson's main interest in Dominick was
 pecuniary and her shock, grief, and sorrow did not support the damages award.  Parents
 of a deceased child are entitled to a presumption of nonpecuniary damages such
 as mental shock, suffering, grief and sorrow.  Scott v. Porter, 340 S.C.
 158, 168, 530 S.E.2d 389, 394 (Ct. App. 2000); Self v. Goodrich, 300
 S.C. 349, 352, 387 S.E.2d 713, 714-15 (Ct. App. 1989).  A determination of
 reasonable compensation for nonpecuniary damages turns on the facts of each
 case and is usually left to the fact-finder's discretion.  Scott, 340
 S.C. at 169-70, 530 S.E.2d at 395.  "Losses to parents from the untimely
 death of a child 'are intangibles, the value of which cannot be determined by
 any fixed yardstick.  Their loss to the beneficiaries must be estimated by the
 jury in the exercise of their sound judgment under all the facts and
 circumstances of the case.'"  Id. at 170, 530 S.E.2d at 395
 (quoting Lucht v. Youngblood, 266 S.C. 127, 137, 221 S.E.2d 854, 859
 (1976)).  "There is no mathematical formula which can easily establish the
 value of this kind of loss, and it is not this court's place to do so."  Id. 
 "Credibility determinations regarding testimony are a matter for the
 finder of fact, who has the opportunity to observe the witnesses, and those
 determinations are entitled to great deference on appeal."  Okatie
 River, L.L.C. v. Se. Site Prep, L.L.C., 353 S.C. 327, 338, 577 S.E.2d 468,
 474 (Ct. App. 2003).  The trial court's award of $1,500,000 was consistent with
 other wrongful death damages that have been affirmed by our appellate courts.  See,
 e.g., Knoke v. S.C. Dep't of Parks, Recreation & Tourism, 324
 S.C. 136, 141-42, 478 S.E.2d 256, 258-59 (1996) (affirming $3,000,000 verdict
 for parents' grief, shock, and sense of loss in wrongful death of twelve-year-old
 child); Scott, 340 S.C. at 170, 530 S.E.2d at 395 (finding $1,500,000 in
 actual damages in wrongful death of a toddler was not grossly excessive).
AFFIRMED.
HUFF, PIEPER,
 and LOCKEMY, JJ., concur.