## 18505

Helen F. GRAY, Respondent, v. Jerry R. DAVIS and one 1956 Chevrolet 1965 S. C. License No. D-T8197, Appellant

(148 S. E. (2d) 682)

538

*Messrs. Leatherwood, Walker, Todd and Mann,* of
Greenville, *for Appellant,*

*Messrs. Abrams, Bowen & Townes,* of Greenville, *for
Respondent,*

May 11, 1966.

BUSSEY, Justice.

In this action to recover both personal injury and property damages arising out of an automobile collision, the jury awarded plaintiff a verdict of $7,000.00 actual damages, and $500.00, punitive damages. The defendant moved for a new trial generally on the ground that the amount of the verdict was the result of prejudice, caprice or passion and not founded upon any legitimate evidence in the case. In the alternative, defendant moved for a new trial *nisi* on the ground that the verdict was unduly liberal. While the alternative motions challenged the entire verdict, the defendant apparently did not contend before the trial judge, and does not contend here, that the verdict for punitive damages was excessive. Both motions were denied by the trial judge and the appeal is from his order of denial.

The appellant correctly concedes that both of his motions were addressed to the sound discretion of the trial judge and that his discretion thereabout is not reviewable and

will not be disturbed by this court in the absence of an abuse of discretion. We quote the following appropriate language from *Moorer v. Dowling, et al.,* 216 S. C. 456, 58 S. E. (2d) 734,

"This Court, confined by constitutional limitations to correction of errors of law in cases of this character, has no power to review and reverse the ruling of the Circuit Judge refusing to grant a new trial upon the ground that the verdict was excessive, unless the appeal record discloses and warrants the conclusion, as a matter of law, that such refusal amounts to a manifest abuse of the discretionary power exclusively vested in him to grant a new trial on account of matters of fact. See *Duncan v. Record Publishing Co.,* 145 S. C. 196, 143 S. E. 31; *Union Bleaching & Finishing Co. v. Barker Fuel Co.,* 124 S. C. 458, 117 S. E. 735; *Bennett v. Southern Ry.-Carolina Division,* 98 S. C. 42, 79 S. E. 710; *Southern Ry.-Carolina Division v. Bennett,* 233 U. S. 80, 34 S. Ct. 566, 567, 58 L. Ed. 860; *Payne v. Cohen,* 168 S. C. 459, 167 S. E. 665, 667; *Williams v. Tolbert,* 76 S. C. 211, 56 S. E. 908; *Steele v. Atlantic Coast Line R. Co.,* 103 S. C. 102, 87 S. E. 639; *Jennings v. McCowan,* 215 S. C. 404, 55 S. E. (2d) 522."

For this court to disturb the decision of the lower court it must clearly appear that the trial judge abused his discretion. *Campbell v. Hall,* 210 S. C. 423, 43 S. E. (2d) 129; *Ford v. A. A. A. Highway Express,* 204 S. C. 433, 29 S. E. (2d) 760. Appellant contends, however, that the trial judge here clearly abused his discretion in that the amount of the verdict for actual damages substantially exceeds any rational appraisal or estimate of the damages proved by the respondent, and in that the trial judge's decision was based upon, and controlled by manifest errors of law.

We first consider whether, as contended by appellant, the verdict substantially exceeds any rational appraisal of the damages shown by the evidence.

The collision out of which the case arose occurred in November 1964, and the case was tried in September 1965. At the time of the trial respondent was fifty years old, and her occupation was that of a maid. Her special damages, including property damage to her automobile, medical expenses and lost time, up until the time of trial, amounted to slightly less that $1,000.00, of which slightly more than $500.00 was occasioned by damages to her automobile. Evidence in her behalf reflects that she sustained an injury to her neck and back. There is evidence that she has endured pain and suffering and that she will endure pain and suffering in the future. Her testimony that she had had no difficulty with her neck or back prior to the injury was corroborated by other witnesses. There is medical evidence that $x$-rays show certain changes in the bone structure in the cervical area of the spine, including a narrowing of one intervertebral disc space. She sustained some loss of sensation in her left hand, particularly in her thumb and index area. She also has a lessening of the reflex responses of the left arm, medical evidence being to the effect that such, as well as the loss of sensation in the hand, is indicative of nerve injury. At the time of the trial she was still working for the same employer in whose service she had been for a number of years. While she had suffered no reduction in her rate of pay, there is evidence that she is unable to perform her duties as a maid as fully and efficiently as prior to her injury. The $x$-rays taken shortly after her injury indicated that she had some arthritic changes prior to her injury and, as is not unusual in injuries of this type, there is argument as to how much of her present condition is attributable to these prior arthritic changes, and how much thereof is attributable to the injury.

We will not state the evidence as to damages in greater detail, but have carefully reviewed all of the evidence and conclude that there is no merit in the contention of the appellant that the judgment of the lower court should be disturbed, on the ground that the verdict was capricious and not supported by the evidence, or any rational appraisal thereof.

Appellant asserts that the trial judge was controlled by a basic misconception of the law in denying both of its motions, in that he was under the impression that reckless conduct on the part of the defendant would justify an increase in the amount of actual damages awarded. It is argued that his order reflects such misconception on his part. We see nothing in the order which would support this contention. The contention is based on the fact that the trial judge did refer to the circumstances of the case and the reckless conduct of the defendant, and then went on to say that the award of only $500.00 punitive damages, under all of the circumstances related, was "indicative of the fact that passion, prejudice, caprice and/or undue liberality were not present." There was no error on the part of the trial judge in considering such circumstances as indicative of a lack of prejudice in the minds of the jurors. In the case of *Jennings v. McCowan*, 215 S. C. 404, 55 S. E. (2d) 522, it was said by this court,

"The relative small amount of punitive damages would tend to negative any idea of passion or prejudice."

The other basic misconception of law attributed to the trial judge by the appellant arises out of the following language in his order, particular stress being placed by appellant on the last sentence thereof,

"In my opinion it is (was) a question for the jury to determine and, if they believed the plaintiff's evidence, which obviously they did, then the award is not unduly liberal and, consequently, could not be based on passion, prejudice and caprice. It is, therefore, my opinion that it would constitute reversible error for me to grant either of the motions * * *."

It is argued by the appellant that the foregoing language clearly and manifestly shows that the trial judge considered that he had no power, in his discretion, to reduce the verdict by granting a new trial *nisi*, as long as there was any evidence which would support a verdict in the amount awarded.

It is, of course, well settled that in order to warrant a trial judge in reducing an excessive verdict by granting a new trial *nisi,* it is not necessary that he find the verdict to be so excessive as to indicate that it was the result of prejudice, caprice or passion, or other consideration not founded on the evidence. Where a verdict is deemed excessive by the trial judge, in the sense that it indicates merely undue liberality on the part of the jury, the trial judge alone has the power, and with it the responsibility, of setting aside the verdict absolutely or reducing it by granting a new trial *nisi. Vernon v. Atlantic Coast Line R. Co.,* 221 S. C. 376, 70 S. E. (2d) 862; *Bowers v. Charleston & W. C. R. Co.,* 210 S. C. 367, 42 S. E. (2d) 705. Ordinarily the decision of the trial judge, in such cases, is not appealable and will not be reviewed or disturbed by this Court, unless it clearly appears that the exercise of his discretion was controlled by manifest error of law.

The question before us is, does the language quoted from the order clearly or manifestly show that the trial judge erroneously exercised, or failed to exercise, his discretion with respect to the motion for a new trial *nisi* because he misconceived the law as to his power and duty thereabout? While the quoted language, standing alone, is susceptible of the construction placed thereon by the appellant, we think it far from clear or manifest that his Honor was governed by any misconception of the law. His order did not deal with appellant's alternative motions separately, but jointly, and in the quoted language he was referring, of course, to both motions. The first sentence, in effect, says that in the light of the evidence, which the jury, of course, had the right to believe, the verdict was neither unduly liberal, nor based on passion, prejudice or caprice. There is nothing anywhere in his order to indicate that his Honor, independently of the jury, considered the verdict unduly liberal. To the contrary, we think the tenor of his order reflects that he did not consider the verdict to be excessive in any sense. When he voiced the opinion that it would

constitute reversible error for him to grant either motion, he may well have meant simply that it would constitute an abuse of discretion for him to grant either of such, when the verdict was, in his view, neither based on caprice, passion or prejudice, nor in any sense unduly liberal. Since his language is readily susceptible of the foregoing construction, it cannot be soundly said that it clearly and manifestly appears that his Honor was controlled by an error of law in the exercise of his discretion.

A case comparable to, but not prescisely in point with, the instant case is that of *Ruddell v. Seaboard Airline Ry.*, 75 S. C. 290, 55 S. E. 528. In that case the order of the trial judge, refusing a new trial, contained several expressions which seemed to the Supreme Court "rather strong in stating the limits of judicial discretion in granting new trials." Upon consideration of the entire order, however, the court concluded the trial judge was not influenced by error of law in denying the motion for a new trial.

Appellant additionally appeals from the order of the trial judge settling the "case on appeal." Appellant proposed to print only that portion of the testimony relating to the damages sustained by the plaintiff, and contends that his exceptions challenged nothing but the amount of the verdict for actual damages. The respondent proposed that the entire trial proceedings be made a portion of the record, and the trial judge so ordered. Appellant's exceptions do not specifically relate to the verdict for punitive damages, as opposed to that for actual damages, but were not so framed as to clearly indicate that only the amount of the verdict for actual damages was being challenged. The order of the trial judge reflects, we think, that he construed appellant's exceptions as relating to the entire verdict, and not simply the verdict for actual damages. Additionally, one exception raised the issue of whether the reckless conduct of appellant, reflected by the record, was properly considered in passing upon appellant's motions. Under these circumstances, we

think there was no error in ordering all of the testimony to be printed. Cf. *Bowers v. Charleston & W. C. R. Co., supra.* It is clear, however, that none of the exceptions related to the charge of the judge upon the trial, which occupies some ten pages of the printed transcript and was included in the record at the insistence of the respondent. Cost of printing such charge shall be borne by the respondent.

With the exception of the foregoing cost adjustment, the judgment of the lower court, for the reasons hereinabove set forth, is

Affirmed.

Moss, Acting C. J., LEWIS and BRAILSFORD, JJ., and LEGGE, Acting Associate Justice, concur.