18984

Gregory Scott STEVENS, by his Guardian *ad Litem* and Natural Father, Charles E. Stevens, Respondent, v. Clint McGAHA, Appellant.

(170 S. E. (2d) 758)

*Clifford F. Gaddy, Jr., Esq.,* of Greenville, *for Appellant,*

*Messrs. Anderson, Chapman & Kenyon,* of Anderson, *for Respondent,*

*Clifford F. Gaddy, Jr., Esq.* of Greenville, *for Appellant,*

November 12, 1969.

BRAILSFORD, Justice.

Three-year-old Gregory Stevens lost the sight of his left eye when it was lacerated by a sharp, jagged corner of the protruding metal handle of a chest type freezer in the kitchen of his grandfather's home. This action for damages was brought against Clint McGaha, the grandfather, and the manufacturer and retailer of the freezer. Voluntary nonsuits were taken as to the manufacturer and retailer, and the grandfather appeals from an adverse judgment.

The first and second exceptions challenge the sufficiency of the evidence to sustain the verdict. This issue is not properly before us because the record does not show that a motion for nonsuit or directed verdict was made at the trial on this ground. Circuit Court Rule 76; *Evans v. Wabash Life Ins. Co,*. 247 S. C. 464, 148 S. E. (2d) 153 (1966). We add that the issue of actionable negligence was clearly for the jury under the principles stated in *Lynch v. Motel Enterprises, Inc.,* 248 S. C. 490, 151 S. E. (2d) 435 (1966), and *Everett v. White,* 245 S. C. 331, 140 S. E. (2d) 582 (1965), and the authorities therein cited.

The trial was commenced on October 14, and the testimony was completed on that day. When court opened next morning, counsel for the defendant moved for a mistrial "on the grounds of a newspaper article appearing in the local paper." Error in overruling this motion is assigned by the third exception.

The article in question contained the erroneous statement that "(t)he suit is a 'home policy' type in which the grand-

father contends that his insurance protects him in the event of a suit from such an accident." The court by appropriate inquiry ascertained that the newspaper story had come to the attentiton of only two of the jurors. In response to the court's questions, these two jurors stated that the article would not affect their verdict in the slightest degree. Appropriate additional instructions, conforming to the wishes of counsel, were given to the jury. No complaint is made about the procedure followed by the trial judge or the instructions given to the jury on this subject. No claim is made that plaintiff was responsible for the publication. The defendant simply contends that the news article injected the question of insurance into the case and that the only satisfactory remedy was a mistrial. This is not the law. The matter was peculiarly within the discretion of the trial judge, and we are not persuaded that his refusal of the motion was unwise. Clearly, no abuse of discretion has been shown.

We quote the last exception, which charges that the court unduly restrained counsel in his argument to the jury: "The Court erred in failing to allow the defendant to argue that the parties at fault if any, were the manufacturer and seller of the deep freezer unit." This exception is not supported by the record. An agreed addendum to the transcript shows that the court, while forbidding reference to the manufacturer and seller as parties to the action, expressly ruled that counsel was free to argue to the jury that whatever was wrong with the freezer handle was the fault of these parties and not that of the defendant.

Affirmed.

Moss. C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.