## 24054

SOUTHEASTERN FREIGHT LINES, Respondent v. The CITY OF HARTSVILLE and the South Carolina Department of Highways and Public Transportation, Appellants.

(443 S.E. (2d) 395)

Supreme Court

*William H. Davidson, II* and *Andrew F. Lindemann, Ellis, Lawhorne, Davidson, & Sims, P.A.,* Columbia, *Joseph P. McLean, Clarke, Johnson & Peterson, P.A.,* and *G. Conrad Derrick, Bridges, Orr, McEachin, Derrick & Ervin,* Florence, *for appellants.*

*Pope D. Johnson, III* and *John C. Bradley, Jr., McCutchen, Blanton, Rhodes & Johnson,* Columbia, *for respondent.*

Heard Mar. 2, 1994.

Decided Apr. 25, 1994. Reh. Den. May 18, 1994.

BRISTOW, Acting Associate Justice:

The City of Hartsville (City) and the South Carolina Department of Highways and Public Transportation (State) appeal the trial judge's ruling that they are liable for pro rata shares of a wrongful death settlement under the Uniform Contribution Among Tort-Feasors Act, S.C. Code Ann. §§ 15-38-10 to -70 (Supp. 1993), rather than percentage

shares under the South Carolina Tort Claims Act, S.C. Code Ann. §§ 15-78-10 to -190 (Supp. 1993). We affirm.

## I. *Facts*

Elizabeth Shelley died after a vehicle owned and operated by Southeastern struck the car she was riding in at an intersection in the City limits. Shelley's estate commenced a wrongful death action against Southeastern and Southeastern brought third-party actions against the City and the State, claiming that their failure to place proper warning signs at the intersection was a contributing proximate cause of Shelley's death. According to Southeastern's amended third-party complaint, the City and State were liable to Southeastern for "all or part of the Plaintiff's alleged damages and injuries by way of contribution."[1]

Southeastern settled the wrongful death action prior to trial for $400.000. Southeastern's claim for contribution was tried before a jury that apportioned 70 percent responsibility to Southeastern, 20 percent to the City, and 10 percent to the State. Southeastern moved to amend the verdict, claiming that the Uniform Contribution Among Tort-Feasors Act made each party liable for a pro rata share. The City and the State opposed the motion on the ground that government entities are only responsible for their portion of liability under S.C. Code Ann. § 15-78-100(c) (Supp. 1993) and that the total liability of the government entities in this case could not exceed $250,000 under S.C. Code Ann. § 15-78-120(a)(1). The trial judge ruled that sections 15-78-100(c) and 15-78-120(a)(1) were repealed by inconsistent provisions in the Uniform Contribution Among Tort-Feasors Act that render joint fortfeasors liable for pro rata shares. In accordance with that ruling, the trial judge reformed the verdict to hold each tortfeasor liable for a pro rata share of the settlement. The City and State (collectively "Appellants") appealed.

---

[1] The question whether this was a proper third party proceeding for contribution is not before us. However, we note that the right of contribution exists only in favor of a tortfeasor who *has paid* more than his pro rata share. S.C. Code Ann. § 15-38-20(B). In the absence of a ripe claim for contribution, it is questionable whether joint tortfeasors are subject to Rule 14, SCRCP.

## II. *Discussion*

Appellants contend the trial judge erred in ruling that the Uniform Contribution Among Tort-Feasors Act repealed sections 15-78-100(c) and 15-78-120(a)(1) of the Tort Claims Act. We disagree.

When two statutes are incapable of reasonable reconcilement, the latest statute passed repeals any earlier statute to the extent of repugnancy between the two statutes. *Chris J. Yahnis Coastal, Inc. v. Stroh Brewery Co.,* 295 S.C. 243, 368 S.E. (2d) 64 (1988). Sections 15-78-100(c) and 15-78-120(a)(1) were passed by the Legislature in 1986 as part of the South Carolina Tort Claims Act. Section 15-78-100(c) requires the trier of fact in any tort action against a government entity to "return a special verdict specifying the proportion of monetary liability of each defendant against whom liability is determined" and section 15-78-120(a)(1) limits the total monetary liability of all government entities for any one occurrence. In 1988, the Legislature enacted the Uniform Contribution Among Tort-Feasors Act to provide a right of contribution for joint tortfeasors who have paid more than their pro rata share of a common liability. S.C. Code Ann. § 15-38-20(B) (Supp. 1993). The Act further provides that relative degrees of fault are not to be considered in determining the pro rata liability of tortfeasors. S.C. Code Ann. § 15-38-30 (Supp. 1993). Clearly, the apportioned liability required by section 15-78-100(c) and the limitation on damages provided by section 15-78-120(a)(1) are inconsistent with the unlimited, pro rata liability required by section 15-38-20. Because this inconsistency cannot reasonably be reconciled, we conclude that the trial judge was correct in ruling that the Uniform Contribution Among Tort-Feasors Act repealed sections 15-78-100(c) and 15-78-120(a)(1) of the Tort.Claims Act.

Appellants next claim that the Uniform Contribution Among Tort-Feasors Act does not apply to government entities because those entities are not "persons" for the purposes of that Act. We disagree.

"Person" is not defined in the Uniform Contribution Among Tort-Feasors Act. Appellants argue that the definition of person contained in S.C. Code Ann. § 2-7-30 (1986) governs this action. Section 2-7-30 states:

The words "person" and "party" and any other word importing the singular number used in any act or joint resolution shall be held to include the plural and to *include* firms, companies, associations and corporations. . . .

Our primary function in interpreting a statute is to ascertain the intent of the Legislature. *Spartanburg County Dep't of Social Services v. Little,* — S.C. —, 420 S.E. (2d) 499 (1992). Terms used in a statute must be given their ordinary and popular meaning. *Citizens for Lee County, Inc. v. Lee County,* 308 S.C. 23, 416 S.E. (2d) 641 (1992). The term *include* suggests that section 2-7-30 is not an exhaustive list of the legal entities comprehended by "person." *Beaver v. Pelett,* 299 Or. 664, 705 P. (2d) 1149 (Or. 1985). Thus, we do not read section 2-7-30 as necessarily excluding the State or government entities.

Moreover, we find nothing in the Uniform Contribution Among Tort-Feasors Act to support the proposition that the Legislature intended to exempt the State from its operation. The purpose of the Act is to ameliorate the unfairness vested on all joint tortfeasors by the common law's prohibition against contribution. A fair reading of the Act indicates the Legislature intended it to apply to all tortfeasors and that the term "person," which is used only three times, is used interchangeably with "tortfeasor." Therefore, we reject Appellants' assertion that the State is excluded from the operation of the Uniform Contribution Among Tort-Feasors Act. *Accord* S.C. Code Ann. § 15-78-40 (Supp. 1993) ("The State, an agency, a political subdivision, and a government entity are liable for their torts in the same manner and to the same extent as a private individual. . . .").

Appellants also contend that the trial judge's ruling requires the State to expend public funds in violation of S.C. Const. art. X, § 11. This claim is without merit. Article X, § 11 "relates solely to general obligation bonds payable from the proceeds of ad valorem tax levies." *Carll v. S.C. Jobs-Economic Devel. Auth.,* 284 S.C. 438, 327 S.E. (2d) 331 (1985).

For the foregoing reasons, the order of the trial judge is

Affirmed.

CHANDLER, Acting C.J., and FINNEY, TOAL and MOORE, JJ., concur.