24471

Rejeana Earls McCLAIN, Respondent v. SOUTH CAROLINA DEPARTMENT OF EDUCATION, Appellant.

(473 S.E. (2d) 799)

Supreme Court

*William McBee Smith*, Spartanburg, *for Appellant.*

*Kenneth L. Holland*, Gaffney, *for Respondent.*

*Chief Counsel Victor S. Evans*, of *South Carolina Department of Transportation*, Columbia, *Raymon E. Lark, Jr.* and *Asby Fulmer*, of *Lewis, Rogers & Lark*, Columbia, *for Amicus South Carolina Department of Transportation.*

*Kathryn Williams*, Greenville, *for Amicus South Carolina Trial Lawyers Association.*

*Robert E. Lyon, Jr.* and *Robert S. Croom*, Columbia, *for Amicus South Carolina Association of Counties.*

Heard Nov. 14, 1995.

Decided July 22, 1996; Reh. Den. Aug. 23, 1996.

TOAL, Justice:

This case concerns the implied repeal and subsequent reenactment of the $250,000 governmental liability cap contained in the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-120(a)(1) (Supp. 1994). The circuit court ruled that the $250,000 cap does not apply to any cases filed before July 1, 1994, and, therefore, denied the defendant's motion for remitture of the jury's verdict on damages. We affirm.

## FACTUAL/PROCEDURAL BACKGROUND

On November 16, 1990, Respondent Rejeana McClain's car was struck by a school bus owned by the Appellant South Carolina Department of Education ("Department") and driven by a Department employee acting within the scope of her employment. On November 12, 1992, McClain brought a negligence action against Department for her injuries arising from the November 1990 collision.

At trial, the jury found in favor of McClain and awarded her $260,000 in damages. Following the jury verdict, Department filed a motion for remittitur asserting that the Tort Claims

Act caps Department's tort liability at $250,000. *See* S.C. Code Ann. § 15-78-120(a)(1) (limiting governmental tort liability to $250,000 per person per single occurrence). The trial court denied the motion on the ground that the statutory cap in section 15-78-120(a)(1) did not apply to actions filed before July 1, 1994. Department appeals the trial court's denial of its motion for remittitur.

## LAW/ANALYSIS

The sole issue on appeal is whether the statutory cap on governmental liability contained in section 15-78-120(a)(1) limits Department's liability to $250,000. Department argues that S.C. Code Ann. § 15-38-65 (Supp. 1994) and *Southeastern Freight Lines v. City of Hartsville*, 313 S.C. 466, 443 S.E. (2d) 395 (1994), should be read so that the $250,000 cap is inapplicable only to actions filed before July 1, 1994 where both the Tort Claims Act and the Uniform Contribution Among Tortfeasors Act apply. We disagree.

In *Southeastern Freight Lines*, this Court found that by enacting the Uniform Contribution Among Tortfeasors Act ("Uniform Contribution Act"),[1] the General Assembly impliedly repealed sections 15-78-120(a)(1) and 15-78-100(c) of the South Carolina Tort Claims Act. *Id.* at 468-70, 443 S.E. (2d) at 397. Those two sections had limited governmental liability for the torts of its agents and employees and had also provided for proportionate liability based on a particular defendant's degree of fault.

Department argues that the implied repeal recognized in *Southeastern Freight Lines* invalidates the $250,000 liability cap in the Tort Claims Act only in cases in which the Uniform Contribution Act also applies. It relies on the well-known rule of statutory construction that a statute can be repealed by implication only "to the extent of the repugnancy" between it and the subsequent inconsistent statute. *See, e.g., Chris J. Yahnis Coastal, Inc. v. Stroh Brewery Co.*, 295 S.C. 243, 368 S.E. (2d) 64 (1988) (citing rule that repeal by implication effects repeal only to the extent of the repugnancy between earlier statute and later inconsistent statute). Department opines

---

[1] The Uniform Contribution Act is codified in Chapter 38 of Title 15 of the South Carolina Code. Generally, the purpose of the Uniform Contribution Act is to provide for pro rata contribution among multiple tortfeasors.

that because a repugnancy with section 15-78-120(a)(1) arises only in cases in which the Uniform Contribution Act applies, section 15-78-120(a)(1) has been repealed only in those cases.

Our finding in *Southeastern Freight Lines* that the Uniform Contribution Act impliedly repealed the $250,000 liability cap in the Tort Claims Act constituted a determination of the Legislature's *intent* when the Legislature enacted the Uniform Contribution Act. *See, e.g., Lewis v. Gaddy,* 254 S.C. 66, 173 S.E. (2d) 376 (1970) (in construing statute, court must attempt to discern and effectuate legislative intent). To adopt the position that Department urges would be to accept the proposition that by passing the Uniform Contribution Act, the General Assembly intended to repeal the statutory cap on governmental tort liability only when a governmental entity is one of two or more defendants, but to retain the statutory cap when the governmental entity is the *sole* defendant. Such a position is fundamentally implausible.

Such a construction would allow some plaintiffs to recover from the government damages greater than $250,000, while denying others such a right, simply because the former had the "good fortune" of being the victim of multiple tortfeasors, which tortfeasors included a governmental entity, while the latter had the bad luck of being the victim of a sole governmental tortfeasor. We do not think the Legislature could have intended such arbitrary consequences when it enacted the Uniform Contribution Act. Accordingly, we reject the Department's argument. *See, e.g., South Carolina Tax Comm'n v. Gaston Copper Recycling Corp.,* 316 S.C. 163, 447 S.E. (2d) 843 (1994) (in giving effect to legislative intent, court must avoid absurd result).

The General Assembly's response to our decision in *Southeastern Freight Lines* only confirms our understanding of the legislative intent. Section 107(B), H.4820, effective July 1, 1994, provides:

> The provisions of Section 15-78-120(a)(1) of the 1976 Code are reenacted and made retroactive to April 5, 1988, the effective date of the South Carolina Contribution Among Tortfeasors Act, except for causes of action that have been filed in a Court of competent jurisdiction before July 1, 1994.

In our view, this section plainly shows that the General Assembly regarded the Uniform Contribution Act prior to its 1994 amendment as repealing section 15-78-120(a)(1) *under all circumstances.* More to the point, the plain language of Section 107(b) excludes "causes of action that have been filed in a Court of competent jurisdiction before July 1, 1994." This language is not limited to cases in which the Uniform Contribution Act also applies, and we would have to reach far beyond the plain language of the statute to find such a limitation. *See, e.g., Paschal v. State Election Comm'n,* — S.C. —, 454 S.E. (2d) 890 (1995) (court must construe statutes according to their plain and ordinary meaning, and may not resort to subtle or forced construction to limit or expand scope of a statute).

## CONCLUSION

Our understanding of legislative intent compels us to conclude the $250,000 cap in section 15-78-120(a)(1) is inapplicable to *all* cases filed before July 1, 1994, not merely those in which the Uniform Contribution Act applies. Accordingly, the decision of the circuit court is AFFIRMED.

FINNEY, C.J., and MOORE and WALLER, JJ., and WILLIAM T. HOWELL, Acting Associate Justice, concur.