478 S.E.2d 256

**Chip KNOKE as Personal Representative of the Estate of Jeremy Ryan Knoke, Respondent/Appellant,**

v.

**The SOUTH CAROLINA DEPARTMENT OF PARKS, RECREATION AND TOURISM, Appellant/Respondent.**

No. 24514

Supreme Court of South Carolina.

Heard March 7, 1996.
Decided Nov. 4, 1996.
Rehearing Denied Dec. 5, 1996.

138

F. Matlock Elliott and Julie K. Hackworth, both of Haynsworth, Marion, McKay & Guerard, Greenville, for appellant/respondent.

Douglas F. Patrick and Stephen R.H. Lewis, both of Covington, Patrick, Hagins & Lewis, Greenville, for respondent/appellant.

Chief Counsel Victor S. Evans, of South Carolina Department of Transportation, Columbia; Raymon E. Lark, Jr. and Asby Fulmer, both of Lewis, Rogers & Lark, of Columbia; for amicus curiae South Carolina Department of Transportation.

Robert E. Lyon, Jr. and Robert S. Croom, both of Columbia, for amicus curiae South Carolina Association of Counties.

Leo H. Hill and D. Garrison Hill, both of Hill, Wyatt, Bannister & Brown, Greenville, for amicus curiae South Carolina Association of Special Purpose Districts.

MOORE, Justice:

Respondent/appellant Knoke commenced this wrongful death action to recover for the death of his twelve-year-old son, Jeremy. The jury returned a verdict of $3,000,000. We affirm.

## FACTS

Jeremy died in a fire on July 5, 1991, while sleeping in a cabin at Cheraw State Park. He was staying at the park's group camp facility as a guest of Berea First Baptist Church which had leased the facility from appellant/respondent (Department). Five boys slept in a ten-by-twelve room in a cabin on four beds pushed closely together, one with a top bunk bed on it. After the boys were asleep, a fire started in the area of an electrical fan Jeremy had brought with him from home. The other boys awoke and were able to escape in a matter of seconds. Jeremy's body was found on the bed next to his own as if he had tried to escape but was unable to do so. The cause of his death was asphyxiation from smoke inhalation.

Knoke alleged Department was negligent in failing to provide a smoke detector in the cabin. After the jury rendered its verdict, Department moved to reduce the verdict to either $250,000 or $500,000 as provided in the Tort Claims Act, S.C.Code Ann. §§ 15–78–120(a)(1) and (2) (Supp.1995). The trial judge ruled both caps in the Tort Claims Act were repealed and denied the motion. He also denied Knoke's motion for attorney's fees. Both parties appeal.

## ISSUES

1. Do the caps specified in the Tort Claims Act apply?
2. Is the verdict excessive?
3. Did the trial judge improperly admit expert testimony?
4. Should attorney's fees have been awarded under § 15–77–300?

## DISCUSSION

### 1) Tort Claims Act

In *Southeastern Freight Lines v. City of Hartsville,* 313 S.C. 466, 443 S.E.2d 395 (1994), a case involving joint

tortfeasors, this Court held the subsequent enactment of the Uniform Contribution Among Tortfeasors Act impliedly repealed § 15–78–120(a)(1) of the Tort Claims Act. This section limits to $250,000 the amount an individual may recover from a government entity for a loss arising from a single occurrence. In *McClain v. South Carolina Dept. of Ed.*, 323 S.C. 132, 473 S.E.2d 799 (1996), we recently held the Uniform Contribution Among Tortfeasors Act repealed this cap even where there are no joint tortfeasors with the government entity. This case was filed before July 1, 1994, and therefore under *McClain* qualifies as exempt from the $250,000 cap as provided in the legislature's re-enactment of § 15–78–120(a)(1). Further, we now hold *Southeastern* and *McClain* apply as well to the $500,000 per occurrence cap in § 15–78–120(a)(2) and conclude the trial judge properly refused to reduce the verdict under the Tort Claims Act.

### 2) Amount of verdict

 Department contends the trial judge erred in denying its motions for a new trial nisi remittitur or new trial absolute based on the excessiveness of the jury's verdict. When a defendant's request to remit the verdict is denied, this Court will reverse only if (1) the refusal to remit was controlled by an error of law, which is not the case here, or (2) a new trial absolute should have been granted. *O'Neal v. Bowles*, 314 S.C. 525, 431 S.E.2d 555 (1993); *Gray v. Davis*, 247 S.C. 536, 148 S.E.2d 682 (1966). A new trial absolute should be granted only if the verdict is so grossly excessive that it shocks the conscience of the court and clearly indicates the amount of the verdict was the result of caprice, passion, prejudice, partiality, corruption, or other improper motive. *McCourt v. Abernathy*, 318 S.C. 301, 457 S.E.2d 603 (1995); *Rush v. Blanchard*, 310 S.C. 375, 426 S.E.2d 802 (1993). The jury's determination of damages is entitled to substantial deference. *McCourt, supra; Rush, supra.*

 This a wrongful death action and the damages recoverable are those sustained by the statutory beneficiaries (here Jeremy's parents) resulting from the death of the decedent, including pecuniary loss, mental shock and suffering, wounded feelings, grief, sorrow, and loss of society and companionship. *Ballard v. Ballard*, 314 S.C. 40, 443 S.E.2d 802 (1994). We

find the amount awarded is not so grossly excessive as to shock the conscience of the court. *See Roberts v. Stevens Clinic Hospital, Inc.,* 176 W.Va. 492, 345 S.E.2d 791 (1986) (finding $3,000,000 appropriate amount for wrongful death of a 2½–year–old child). Although there was no evidence of pecuniary loss introduced at trial, both parents testified to their grief, shock, and sense of loss. In the absence of pecuniary loss, the $3,000,000 verdict was to compensate Jeremy's parents for these intangible damages which, as previously noted by this Court, cannot be determined by any fixed measure. *Lucht v. Youngblood,* 266 S.C. 127, 221 S.E.2d 854 (1976).

### 3) Expert testimony

Mike Schultz, Knoke's fire expert, testified that the absence of a smoke detector was contrary to State and national standards of care. In his opinion, Department had a duty to conduct an analysis of the cabin's safety. He testified the cabin was unsafe without a smoke detector because it was used by sleeping children unfamiliar with the structure and that a smoke detector would have provided a sufficient warning for Jeremy to escape.

▪▪▪ Department first challenges the admission of this testimony on the ground Schultz should not have been qualified as an expert. Generally, defects in the amount and quality of education and experience go to the weight of an expert's testimony and not its admissibility. *Lee v. Suess,* 318 S.C. 283, 457 S.E.2d 344 (1995). The test for qualification is a relative one that is dependent on the particular witness's reference to the subject. *Id.*

▪▪▪ Schultz testified he was a member of at least four professional associations that promulgated model codes regarding fire safety. He is a co-author of the National Fire Code. He is a member of the professional association that promulgates the Standard Building Code which has been adopted in South Carolina and he offers comments and votes on proposed revisions of that Code. Based on this evidence, the trial judge did not abuse his discretion in qualifying Schultz as an expert on the national and state requirements regarding fire safety. *Id.* Further, Schultz testified he had studied human response to fires which supports his qualifica-

tion to testify regarding the effect of a smoke detector on an individual's ability to escape.

■ Department also challenges the above evidence on the ground these opinions were rendered on matters within the province of the jury. Expert testimony is proper if it will assist the trier of fact in understanding the evidence. Rule 43(m)(1), SCRCP.[1] This testimony was pertinent to help the jury determine whether the lack of a smoke detector contributed to Jeremy's death. Expert testimony is not rendered inadmissible simply because it embraces an ultimate issue to be decided by the trier of fact. Rule 43(m)(3), SCRCP.[2]

■ Finally, Department contests the admission of Schultz's testimony regarding a computer modeling tool. The only time during Schultz's direct testimony he refers to this computer model is in calculating the time from the initiation of the fire until it became no longer survivable. Without objection, Schultz gave the same figure (five minutes) calculated independently of the computer model based on his experience with fires. The challenged testimony is merely cumulative and not prejudicial. *Moore v. Florence School District No. 1,* 314 S.C. 335, 444 S.E.2d 498 (1994) (no reversible error where evidence not prejudicial). We conclude the trial judge did not abuse his discretion in allowing the challenged expert testimony.

### 4) Attorney's fees

Knoke appeals the trial judge's refusal to award attorney's fees under S.C.Code Ann. § 15–77–300 (Supp.1995). This section provides in pertinent part:

In any civil action brought by ... any party who is contesting state action, unless the prevailing party is the State or any political subdivision of the State, the court may allow the prevailing party to recover reasonable attorney's fees ... if:

(1) The court finds that the agency acted without substantial justification in pressing its claim against the party; and

---

1. Now Rule 702, SCRE.

2. Now Rule 704, SCRE.

(2) The court finds that there are no special circumstances that would make the award of attorney's fees unjust.

Knoke contends he is the prevailing party and Department acted without substantial justification in refusing to settle the case before trial when he offered to accept $165,000.

We hold § 15–77–300 does not apply to actions brought under the Tort Claims Act. The Tort Claims Act, which became effective subsequent to § 15–77–300, is the exclusive civil remedy for governmental torts, *Murphy v. Richland Memorial Hosp.*, 317 S.C. 560, 455 S.E.2d 688 (1995), and provides for an award of an attorney's fee only as a sanction for filing frivolous pleadings or motions. S.C.Code Ann. § 15–78–120(c) (Supp.1995). Accordingly, the trial judge properly denied Knoke's request for attorney's fees under § 15–77–300.

We dispose of Department's remaining arguments pursuant to Rule 220(b), SCACR. *See Stevens v. McGaha*, 253 S.C. 378, 170 S.E.2d 758 (1969); *Lynch v. Motel Enterprises, Inc.*, 248 S.C. 490, 151 S.E.2d 435 (1966) (case properly submitted to jury where there is evidence of unreasonable risk of harm to a child).

**AFFIRMED.**

FINNEY, C.J., WALLER, J., and WILLIAM P. KEESLEY and R. MARKLEY DENNIS, Jr., Acting Associate Justices, concur.