486 S.E.2d 7

**GREYSTONE CATERING COMPANY, INC., Appellant,**

v.

**SOUTH CAROLINA DEPARTMENT OF REVENUE AND TAXATION, Respondent.**

No. 2659.

Court of Appeals of South Carolina.

Heard March 6, 1997.

Decided April 21, 1997.

Rehearing Denied June 19, 1997.

David A. White and Sarah B. Boucher, of Robinson, Bradshaw & Hinson, Rock Hill, for appellant.

Ray N. Stevens, of Office of Attorney General; and Assistant Attorney General Jeffrey M. Nelson, of Department of Revenue, Columbia, for respondent.

CONNOR, Judge.

Greystone Catering Company, Inc., appeals the assessment of a retail sales tax on food and beverages it offers as part of a room and breakfast package deal. We affirm.

## FACTS

Greystone manages the Embassy Suites, a hotel that offers a package price on a room, complete breakfast buffet, and drinks in the evenings. Greystone purchases the food and beverages for the breakfast and drinks wholesale, and therefore pays no sales tax on these items at the time they are purchased. Greystone places the goods in its inventory and withdraws them when needed.

Greystone paid a seven percent tax on the total room revenues pursuant to the accommodations act:

(A) A sales tax equal to seven percent is imposed on the gross proceeds derived from the rental or charges for any rooms ... furnished to transients by any hotel.... The tax imposed by this subsection (A) does not apply to additional guest charges as defined in subsection (B).

(B) A sales tax of five percent is imposed on additional guest charges at any place where rooms, lodgings, or accommodations are furnished to transients for a consideration, unless otherwise taxed under this chapter. The term additional guest charges includes, but is not limited to:

(1) room service;

(2) amenities....

S.C.Code Ann. § 12–36–920 (Supp.1996).

In addition, the Department of Revenue imposed a five percent sales tax on the food and beverages under S.C.Code Ann. § 12–36–910(A) (Supp.1996). This section provides:

(A) A sales tax, equal to five percent of the gross proceeds of sales, is imposed upon every person engaged or continuing within this State in the business of selling tangible personal property at retail.

Greystone paid the sales tax under protest and subsequently brought an action in the circuit court.

The parties stipulated to the facts and filed cross motions for summary judgment. The trial judge affirmed the assessment.

## LAW

■ Greystone argues by paying seven percent based on the room rate, plus five percent based on the wholesale cost of the food and beverages, it is paying taxes twice on the same goods. Greystone does not contest the accommodations tax, but maintains it should not be required to pay the five percent sales tax.

If an administrative agency has consistently applied a statute in a particular manner, we cannot overturn the agency's construction absent a cogent reason. *Gilstrap v. South Carolina Budget & Control Bd.*, 310 S.C. 210, 423 S.E.2d 101 (1992).

The Department of Revenue (then called the South Carolina Tax Commission) issued an administrative decision in 1992 addressing an analogous situation. Commission Decision # 92–32. There, the hotel/taxpayer offered voluntary membership in a club for $20.00 in addition to the room charge. The main benefit of membership was free buffets. The food and beverages for the buffets were withdrawn from the hotel's inventory. However, the hotel billed the food separately on the guest's hotel bill, and the guest paid a five percent sales tax when the guest paid the bill.

The commission applied the rule that "the last transaction for a consideration is [usually] considered the taxable retail sale," relying on *ARA Services, Inc. v. South Carolina Tax Comm'n*, 271 S.C. 146, 246 S.E.2d 171 (1978). It held the last transaction under these facts occurred when the guest paid the bill. Accordingly, it ruled the hotel did not have to pay a sales tax on the inventory when it was withdrawn.

Since 1992 the department has consistently defined the "last transaction" or the "final consumer" based on whether or not a charge for an item is stated separately on the guest's bill. If a charge for an item was stated separately, the guest would be the final consumer when the guest paid the bill. If not, the hotel would be the "final consumer" when it withdrew the item from inventory.

Here, Greystone does not bill separately for the food. Therefore, the last transaction occurred when the food and drink items were withdrawn from inventory. Under *Gilstrap,*

we may not overturn this policy without a cogent reason. We can find no such reason.

■ Greystone additionally alleges it should not have to pay a sales tax because the food and beverages are amenities which are "otherwise taxed." S.C.Code Ann. § 12–36–920(B) (Supp.1996). Under this section, "additional guest charges," including room service and amenities, are exempt from the accommodations tax. However, Greystone did not argue below, nor does it argue on appeal, that it should not have to pay the seven per cent accommodations tax. If Greystone offered guests a choice of accepting or rejecting the breakfast and drinks, and billed separately for these items, it could avoid paying the seven per cent accommodations tax and merely pay the five per cent sales tax.

Greystone further claims it is being subjected to double taxation under the department's policy.

To begin with, as noted, Greystone could avoid this situation by billing separately for items it advertises as "free." Therefore to the extent it is paying two taxes, it has created its own dilemma.

■ Moreover, there is no per se prohibition on double taxation. The Supreme Court has stated:

There is much room for discussion and difference of opinion as to what really amounts to double taxation.... These may be instances of double taxation in one sense, yet they are not within the rule of uniformity and equality prescribed by the Constitution, which forbids the taxation twice of the same property for the same purpose, while other property, under similar circumstances and conditions, is taxed only once. There is no constitutional inhibition against such taxation; and, in the absence of constitutional restriction, the power of the Legislature to tax is limited only by its own discretion and its responsibility to its constituents.

*Alderman v. Wells,* 85 S.C. 507, 518, 67 S.E. 781, 784–85 (1910).

Nonetheless there is a strong presumption against double taxation, and we will not construe a statute as imposing a double tax unless the legislative intention or its necessary implication is clear from the terms of a statute. *Wingfield v.*

*South Carolina Tax Comm'n*, 147 S.C. 116, 144 S.E. 846 (1928). However, the statutes in this case clearly require a five per cent sales tax on all retail tangible personal property and a seven per cent accommodations tax on all room charges. Additional guest charges, including room service and amenities, are exempt from the accommodations tax, but not the sales tax.

As part of a promotional scheme, Greystone has chosen to advertise a room which includes "free breakfast" and "complimentary drinks." Greystone does not have an identifiable separate charge for these free items. A finding that withdrawals from inventory are not taxable under these circumstances would be contrary to the legislature's intent.[1]

AFFIRMED.[2]

GOOLSBY and HUFF, JJ., concur.

---

[1]. We note the legislature, not the courts, should develop a remedy if it perceives a new need based on changing business practices. *See, e.g., Holman v. Bulldog Trucking Co.*, 311 S.C. 341, 428 S.E.2d 889 (Ct.App. 1993) (it is not the province of the courts to perform legislative functions).

[2]. At oral argument Greystone's counsel indicated its other issue had been settled by the parties.