506 S.E.2d 495

**FRATERNAL ORDER OF POLICE, Charleston Lodge # 3, Pet Helpers, Inc., d/b/a Shipwatch Bingo, Army Navy Union Garrison # 2020, Faith Temple Full Gospel Fellowship Church, A Terre Des Hommes USA, Inc., Cherokee Suicide Intervention Center, Inc., Army Navy Garrison # 2165, Lexington Voiture 1211 La Societe Des 40 & 8 d/b/a Sunset Bingo, United Veteran Association, Inc., Roadrunners Softball Association, Inc., United Society of the Blind of Greenwood, The Good Samaritan Mission Center d/b/a Beacon Bingo, Fraternal Order of the Elks (BPOE), Greenville Lodge No. 858, Piedmont Historical Society d/b/a Great American Bingo, Pilgrim's Inn, Inc., West Main Community Club, Ms. Wheelchair South Carolina, Inc., Citizens for Advancement of the Physically Handicapped, Post 174 American Legion—Ladies Auxiliary, HF Help Corporation, Army Navy Garrison # 2156, Cherokee Gaffney Sertoma Club 10752, South Carolina Dairy Goat Association, Grand Strand Optimist Club d/b/a Galaxy Bingo, Miss Dillon County Beauty Pageant, Inc., Church in the Lord Jesus Christ of The Apostolic**

Faith, Inc.—Chesterfield Church in the Lord Jesus Christ of the Apostolic Faith, Inc.—Lake City, Church in the Lord Jesus Christ of the Apostolic Faith, Inc.—Darlington, Church of the Lord Jesus Christ of the Apostolic Faith, Inc.—Lynchburg, Dovesville Rural Fire Department, Union Baptist Church, VFW # 3181, Appellants,

v.

SOUTH CAROLINA DEPARTMENT
OF REVENUE, Respondent.

No. 24838.

Supreme Court of South Carolina.

Heard Feb. 18, 1998.

Decided Sept. 14, 1998.

Rehearing Denied Oct. 21, 1998.

Joseph Alton Bivens and Gerald M. Finkel, Finkel & Altman, L.L.C., Columbia; and Mark A. Mason, Mason Law Firm, P.A., Mt. Pleasant, for appellants.

Ronald W. Urban, Harry T. Cooper, Jr., and Jeffrey M. Nelson, South Carolina Department of Revenue, Columbia, for respondent.

FINNEY, Chief Justice:

This is a tax refund case brought by bingo operators. The Department denied the refund, and that ruling was affirmed by the administrative law judge and the circuit court. We affirm in part and reverse in part.

This appeal requires the Court to construe several statutes which were repealed effective October 1, 1997. The parties have stipulated, however, that our decision will govern liability and refunds for the period July 1, 1992 to September 30, 1997.

■ The first issue is whether bingo taxes collected pursuant to S.C.Code Ann. §§ 12–21–3440(B) and 12–21–3441 (Supp.1997) are included in gross proceeds so as to be subject to the sales and use tax imposed by S.C.Code Ann. § 12–21–3610 (Supp.1997). The Department, the administrative law judge, and the circuit court judge held the bingo tax was a component of gross proceeds and thus subject to the sales tax. We disagree, and reverse.

■ The Bingo Act's definitional statute defined "gross proceeds" as "the total amount received from the sale of bingo cards and entrance fees charged at locations in which the bingo is conducted." S.C.Code Ann. § 12–21–3320(8) (Supp. 1997). Statutory language is to be given its plain and ordinary meaning. *McClain v. South Carolina Dep't of Educ.*, 323 S.C. 132, 473 S.E.2d 799 (1996). Under the primary bingo tax statute, Class AA and B license holders collect a "per player" bingo tax while Class D and E holders remit a bingo tax calculated as a percentage of gross proceeds. *Compare* § 12–21–3440(B)(1) and (2) *with* § 12–21–3440(B)(4) and (5). Statutes should not be construed so as to lead to an absurd result. *Carolina Power & Light v. Town of Pageland,* 321 S.C. 538, 471 S.E.2d 137 (1996). As noted above, for Class D and E holders, bingo tax liability is based on a percentage of their gross proceeds. To hold then, that the bingo taxes are a component of gross proceeds demonstrates the *reductio ad absurdum* of the Department's position. The bingo tax is not

a component of gross proceeds, and accordingly is not subject to the sales and use tax.[1]

■ The next issue is whether gross proceeds includes the monies bingo operators are statutorily required to pay out as prize money under § 12–21–3420(12) (Supp.1997). The circuit court held these funds are part of the taxable gross proceeds, and that to adopt the operators' argument that these funds are excluded would be to rewrite "gross proceeds" as "net proceeds." We agree. The statute defines gross proceeds as "the total amount received from the sale of bingo cards and entrance fees . . . .", and provides no deduction for prize money or any other expense. The statutory language is clear and unambiguous. *McClain v. South Carolina Dep't of Educ., supra.* We affirm the circuit court order including prize money as gross proceeds subject to the sales and use tax.

■ The third issue is whether the operators are entitled to a refund of the sales taxes they paid on their retail purchases of bingo cards, which they then resold to the players. The circuit court upheld the denial of this refund request, holding (1) the resale of bingo cards is incidental to the transaction[2] between the operator and the player, which is the wager; and (2) that the operators lack standing to pursue the refund of a retail tax they paid. Operators first argue that while this standing holding is technically correct, they are classified as retailers in this transaction only because they have erroneously been denied a wholesaler exemption. We find this argument is not preserved because although the

---

1. Even if we were to find some ambiguity on this point, we would be compelled to find the imposition of the sales tax upon the bingo tax an improper "tax upon a tax." There is a strong presumption against such double taxation, and statutes will be construed so as to permit it only where legislative intent to do so is clear. *Wingfield v. South Carolina Tax Comm'n,* 147 S.C. 116, 144 S.E. 846 (1928); *Greystone Catering Co. v. South Carolina Dep't of Rev.,* 326 S.C. 551, 486 S.E.2d 7 (Ct.App. 1997). No clear intention sufficient to overcome the strong presumption exists here.

2. According to the "true object test", sales which are merely incidental to the transaction and not its true object are not exempt from the retail sales tax. *See Journal of Multistate Taxation,* vol. 5, No. 6, pp. 244–253 (Jan./Feb. 1996). The parties have not argued that we should not apply this analysis in this appeal.

operators raised it to the circuit court, that court failed to rule on the issue and operators failed to call this omission to the circuit court's attention in a Rule 59(e), SCRCP, motion. *Talley v. South Carolina Higher Educ. Tuition Grants Comm.*, 289 S.C. 483, 347 S.E.2d 99 (1986). Were we to reach the merits of this claim, however, we would agree the sale of the bingo cards is merely incidental to the true object of the transaction between the operators and the players. We therefore affirm the denial of this refund request.

For the reasons given above, the order of the circuit court is affirmed in part and reversed in part, and the matter remanded to the Department of Revenue for appropriate action.

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.

TOAL, MOORE, WALLER and BURNETT, JJ., concur.