513 S.E.2d 97

STATE of South Carolina, ex rel. Charles M. CONDON,
in his official capacity as South Carolina Attorney
General, Appellant,

v.

The CITY OF CHARLESTON and Charleston
County, Respondents.

No. 24900.

Supreme Court of South Carolina.

Heard Dec. 3, 1998.

Decided Feb. 16, 1999.

Attorney General Charles M. Condon, Assistant Attorneys General Reginald I. Lloyd and Christie Newman Barrett, all of Columbia, for appellant.

William B. Regan; and Carl W. Stent, both of Charleston, for respondents.

TOAL, Acting Chief Justice:

This declaratory judgment action asks whether the City of Charleston (Charleston) is authorized to impose a stormwater utility fee on state owned or managed property under the Stormwater Management Act, S.C.Code Ann. §§ 48–14–10 *et seq.* (Supp.1998) (The Act). The circuit court held the fee was proper, and the State appeals. We affirm.

The Act is primarily concerned with regulating "land-disturbing activities," and in that regard requires prior approval of any action which will result "in a change in the natural cover or topography that may cause erosion and contribute to sediment and alter the quality and quantity of stormwater runoff." S.C.Code Ann. § 48–14–20(8); *see* S.C.Code Ann. §§ 48–14–30 thru – 110. The State argues that it is exempt from all provisions of the Act pursuant to S.C.Code Ann. § 48–14–40(H) (Supp.1998), which provides that the Act does not apply to land disturbing activities "undertaken on state-owned or managed lands that are otherwise regulated by the provisions of Chapter 18 of this title, the Erosion and Sediment Reduction Act."

As the circuit court judge correctly noted, the Act is not solely concerned with the regulation of "land-disturbing activities." In addition to the sections related to that function, the Act also authorizes local governments to establish a "Stormwater Utility," and to fund it either through a fee or a tax assessment. S.C.Code Ann. § 48–14–120(C) (Supp.1998). As permitted by the Act, and in accordance with the regulations

promulgated pursuant to it,[1] Charleston has created a Stormwater Utility by ordinance, and opted to fund it through a fee. It is the propriety of the assessment of this fee against State owned or operated property that is challenged here.

We agree with the circuit court that the plain, ordinary, and unambiguous language of the Act permits the assessment of this fee upon State property, and that the exemption in § 48–14–40(H) is irrelevant to the Stormwater Utility provisions of the Act. *Fraternal Order of Police v. South Carolina Dep't of Rev.*, 332 S.C. 496, 506 S.E.2d 495 (1998). State owned or managed property is subject to the fee.

The State also contends that although denominated a fee, the charge here is really a tax and therefore cannot properly be assessed against its property. The plain, ordinary, and unambiguous language of the statute allows local governments to fund the utility through either a fee or an assessment. S.C.Code Ann. § 48–14–120(C). We agree with the circuit court that the statute permits the governmental unit the choice of funding options, and that Charleston may choose to fund its utility through a fee. *Fraternal Order of Police, supra.* Accordingly, the order of the circuit court is

AFFIRMED.

MOORE, WALLER and BURNETT, JJ., and Acting Associate Justice JASPER M. CURETON, concur.

---

1.  South Carolina Code Ann.Regs. 72–300 to 72–316 (Supp.1998).