**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Amy Potts, Respondent,

v.

McCarty Enterprises, LLC, John Miles McCarty, Audrey S. McCarty, a/k/a Audrey J. McCarty and Jane Doe, Appellants.

Appellate Case No. 2019-001279

———————

Appeal From Saluda County
Alison Renee Lee, Circuit Court Judge
Jocelyn Newman, Circuit Court Judge

———————

Unpublished Opinion No. 2022-UP-322
Submitted June 1, 2022 – Filed August 3, 2022

———————

**AFFIRMED**

———————

Peter Andrew Rutledge, of Rutledge Law Firm, LLC, of Greenville, for Appellants.

Michael Evan Lacke, of Lacke Law Firm, LLC, of Charleston; and Frank S. Potts, of Leesville, both for Respondent.

———————

**PER CURIAM:**  Amy Potts sued her neighbors, John and Audrey McCarty, and their limited liability company, McCarty Enterprises, and a Jane Doe (collectively, the McCartys) for intentional infliction of emotional distress and civil conspiracy arising from John shooting Potts's dog, Ruby.  Judge Newman determined the McCartys failed to timely answer Potts's amended complaint and granted her motion for default.  Judge Lee presided over the damages hearing and awarded $7,500 for intentional infliction of emotional distress including the cost of Potts's therapy and $5 for the actual value of the dog.  Judge Lee also awarded $10,000 in punitive damages.  The McCartys appeal both judges' orders.  We affirm.

1.  As to the McCartys' argument the trial court erred in granting Potts's motion for default, we conclude the McCartys' failure to take steps to ensure timely service on their second attempt, failure to provide evidence to rebut the pleadings' postmark at the time of the hearing, and failure to timely *file* the pleadings pursuant to the court's instructions support the decision to grant Potts's motion for default and deny the McCartys' motion for reconsideration.  *See Stark Truss Co. v. Superior Constr. Corp.*, 360 S.C. 503, 508, 602 S.E.2d 99, 101 (Ct. App. 2004) ("The decision whether to set aside an entry of default or a default judgment lies solely within the sound discretion of the trial judge.  This decision will not be reversed absent an abuse of that discretion." (citations omitted)); *id*. at 508, 602 S.E.2d at 101-02 ("An abuse of discretion occurs when the order was controlled by an error of law or when the order is without evidentiary support."); *Green v. Green*, 320 S.C. 347, 350, 465 S.E.2d 130, 132 (Ct. App. 1995) (holding the postmark date on an envelope is not dispositive of the date of mailing but is compelling evidence); *Duncan v. Duncan*, 93 S.C. 487, 499, 76 S.E. 1099, 1102 (1912) ("The burden is upon him who asks the court to exercise its discretion in his behalf to show good and sufficient reasons why it should be done."); *I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 419, 526 S.E.2d 716, 723 (2000) ("[A] respondent— the 'winner' in the lower court—may raise on appeal any additional reasons the appellate court should affirm the lower court's ruling, regardless of whether those reasons have been presented to or ruled on by the lower court."); *id*. at 420, 526 S.E.2d at 723 ("Of course, a respondent may abandon an additional sustaining ground . . . by failing to raise it in the appellate brief."); Rule 5(e), SCRCP (defining filing with the court and stating "[t]he filing of pleadings and other papers with the court as required by these rules shall be made by filing them with the clerk of the court . . . .").[1]

---

[1] It would seem the McCartys filed a motion for reconsideration because their position was that service was timely and therefore no good excuse for late service was required.  Because of this strategic choice, the McCartys did not argue the

2.  As to the McCartys' contention the circuit court erred in qualifying Mary Feaster as an expert, we find the court did not abuse its discretion.  *See McGee v. Bruce Hosp. Sys.*, 321 S.C. 340, 344, 468 S.E.2d 633, 636 (1996) ("The qualification of an expert witness and the admissibility of the expert's testimony are matters within the trial court's discretion."); *Lee v. Suess,* 318 S.C. 283, 285, 457 S.E.2d 344, 345 (1995) ("An abuse of discretion arises from an error of law or a factual conclusion which is without evidentiary support."); *Knoke v. S.C. Dep't of Parks, Recreation & Tourism*, 324 S.C. 136, 142, 478 S.E.2d 256, 259 (1996) ("Generally, defects in the amount and quality of education and experience go to the weight of an expert's testimony and not its admissibility.  The test for qualification is a relative one that is dependent on the particular witness's reference to the subject." (citation omitted));  *Thomas Sand Co. v. Colonial Pipeline Co.*, 349 S.C. 402, 411, 563 S.E.2d 109, 113-14 (Ct. App. 2002) ("The term 'expert' has many lights and shadows.  It can denote a man who is a recognized authority and, perhaps as accurately, a fellow who once went to the city.  At what point between those two extremes he will be allowed to express an opinion on the witness stand will be for the trial judge to decide in the first instance." (quoting *Hewitt v. Md. State Bd. of Censors*, 221 A.2d 894, 900 (Md. 1966))); Rule 703, SCRE ("The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing.").

3.  As to the McCartys' argument the circuit court erred in the amount of its actual and punitive damages awards, we conclude the circuit court did not abuse its discretion. *See Austin v. Specialty Transp. Servs., Inc.*, 358 S.C. 298, 310-11, 594 S.E.2d 867, 873 (Ct. App. 2004) ("The trial judge has considerable discretion regarding the amount of damages, both actual or punitive.  Because of this discretion, our review on appeal is limited to the correction of errors of law.  Our

---

elements of setting aside a default which include a good excuse for late service, the merits of their defense, and prejudice to the opposing party.  *See Sundown Operating Co., Inc. v. Intedge Indus., Inc.*, 383 S.C. 601, 607-08, 681 S.E.2d 885, 888 (2009) ("The standard for granting relief from an entry of default under Rule 55(c)[, SCRCP] is mere 'good cause'. . . .  Once a party has put forth a satisfactory explanation for the default, the trial court must also consider: (1) the timing of the motion for relief; (2) whether the defendant has a meritorious defense; and (3) the degree of prejudice to the plaintiff if relief is granted.") (citations omitted).

task in reviewing a damages award is not to weigh the evidence, but to determine if there is any evidence to support the damages award." (citations omitted)); *Williams v. Lancaster Cnty. Sch. Dist.*, 369 S.C. 293, 305, 631 S.E.2d 286, 293 (Ct. App. 2006) ("In order to state a claim for intentional infliction of emotional distress, a party must establish (1) the defendant intentionally or recklessly inflicted severe emotional distress, or was certain or substantially certain such distress would result from his conduct; (2) the conduct was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community; (3) the actions of defendant caused the plaintiff's emotional distress; and (4) the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it."); *Knoke*, 324 S.C. at 142, 478 S.E.2d at 258-59 (indicating grief, shock, and sense of loss constitute intangible damages that cannot be determined by any fixed measure); *Gamble v. Stevenson*, 305 S.C. 104, 110, 406 S.E.2d 350, 354 (1991) (stating in South Carolina punitive damages serve the purpose of punishment and deterrence and "as a vindication of private rights when it is proved that such have been wantonly, willfully[,] or maliciously violated.'" (quoting *Harris v. Burnisde*, 261 S.C. 190, 196, 199 S.E.2d 65, 68 (1973))); *Hansel v. Nat'l States Ins. Co.*, 313 S.C. 266, 272, 437 S.E.2d 159, 162 (Ct. App. 1993) (finding a trial court's consideration of the *Gamble* factors sufficient and that the brevity in stating its findings did not invalidate its review or conclusion).

**AFFIRMED.**[2]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.