24236

Mitchell LEE and Mary Lee, Petitioners v. Steven SUESS, M.D., Carolina Health Care, P.A., Kenneth Smith, M.D., and Grand Strand Plastic and Reconstructive Surgery, P.A., Defendants, Of whom Steven Suess, M.D., and Carolina Health Care, P.A., are Respondents.

(457 S.E. (2d) 344)

Supreme Court

*Charles L. Henshaw, Jr.* and *O. Fayrell Furr, Jr.,* both of the *Law Offices of Furr and Henshaw,* Columbia, *for petitioners.*

*David A. Brown,* Aiken; and *Andrew F. Lindemann,* Columbia, *for petitioners.*

*Donald V. Richardson, Charles E. Carpenter, Jr.,* and *Deborah H. Sheffield,* all of *Richardson, Plowden, Grier & Howser,* Columbia, *for defendants Kenneth Smith* and *Grand Strand Plastic and Reconstructive Surgery, P.A.*

Heard March 7, 1995.

Decided Apr. 17, 1995.

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

MOORE, Justice:

This case is before us on a writ of certiorari to review the unpublished decision of the Court of Appeals affirming the trial judge's refusal to qualify an expert witness. We reverse.

Petitioners Mitchell and Mary Lee commenced these consolidated actions for medical malpractice and loss of consortium seeking recovery for damages arising from the amputation of Mr. Lee's left leg. Mr. Lee's leg was amputated after it was discovered that a lesion on some existing scar tissue was malignant. Prior to the amputation, Mr. Lee was treated by Dr. Smith, a plastic surgeon, and respondent Dr. Suess, a family practitioner. The Lees alleged both doctors were negligent in their medical care.

At trial, the Lees called Dr. Shafiroff, a plastic reconstructive surgeon. After Dr. Shafiroff testified regarding his qualifications, the trial judge found him qualified as an expert in the field of family practice. Dr. Shafiroff proceeded to give his expert opinion regarding the care rendered by the plastic surgeon, Dr. Smith, but he was not allowed to testify regarding Dr. Suess's care. At the close of the Lees' case, the trial judge directed a verdict in favor of Dr. Suess on the ground the Lees failed to present any evidence to establish a breach of the standard of care applicable to family practitioners.[1]

On appeal, the Lees contended the trial judge erred when he refused to qualify Dr. Shafiroff as an expert in the field of family practice simply because family practice was not Dr. Shafiroff's area of specialization. *See Creed v. City of Columbia,* — S.C. —, 426 S.E. (2d) 785 (1993) (a physician is not in-

---

[1] The jury rendered a verdict for the plastic surgeon, Dr. Smith.

competent to testify merely because he is not a specialist in that particular medical field). The Court of Appeals agreed the trial judge erred but found the error harmless since the record indicated Dr. Shafiroff did not have the requisite training or experience to render an expert opinion on family practice.

## ISSUE
Did the Court of Appeals err in finding no reversible error in the failure to qualify Dr. Shafiroff?

## DISCUSSION
The Lees contend the Court of Appeal overlooked Dr. Shaffiroff's background in teaching and interacting with family practitioners and argue that any defects in his qualifications should have gone to the weight of his testimony and not its admissibility. We agree.

Dr. Shafiroff testified that in additional to his practice in plastic surgery, he is a professor who teaches family practitioner residents how to identify skin cancers and perform biopsies, including biopsies on ulcers that have failed to heal. Family practitioners at the hospital where he practices frequently refer patients to him for diagnosis or wound management.

The qualification of an expert witness and the admissibility of an expert's testimony are matters within the trial judge's discretion. *Creed v. City of Columbia, supra.* An abuse of discretion arises from an error of law or a factual conclusion that is without evidentiary support. *Renney v. Dobbs House, Inc.,* 275 S.C. 562, 274 S.E. (2d) 290 (1981). In this case, the trial judge's decision was controlled by an error of law. Further, we find the conclusion Dr. Shafiroff was not qualified to testify regarding family practice is without evidentiary support.

We have recently held a medical practitioner's experience teaching in a particular specialty and his professional interaction with practitioners of that specialty are facts sufficient to support his qualifications as an expert. *McMillan v. Durant,* — S.C. —, 439 S.E. (2d) 829 (1993). The test for qualification is a relative one that is dependent on the particular witness's reference to the subject. *Gooding v. St.*

*Francis Xavier Hospital,* 317 S.C. 320, 454 S.E. (2d) 328 (S.C. Ct. App. filed January 9, 1995). Generally, defects in the amount and quality of education and experience go to the weight of the expert's testimony and not its admissibility. *State v. Schumpert,* 312 S.C. 502, 435 S.E. (2d) 859 (1993).

Dr. Shafiroff's professional interaction with family practitioners and his teaching experience support his qualification as an expert on the standard of care applicable to a family practitioner in a case such as this. His limited exposure to the field of family practice merely goes to the weight of is testimony and not its admissibility. Accordingly, we conclude the Court of Appeals erred in finding no reversible error in the trial judge's refusal to qualify Dr. Shafiroff as an expert in the field of family practice.

Reversed.

FINNEY, C.J., TOAL and WALLER, JJ., and A. LEE CHANDLER, Acting Associate Justice, concur.