THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Louis Green, Jr., Appellant,
 
 
 

v.

 
 
 
 West Oil, Inc., d/b/a Markette Stores, Respondent.
 
 
 

Appeal From Williamsburg County
 William J. Young, Circuit Court Judge

Unpublished Opinion No. 2012-UP-235   
 Heard February 28, 2012  Filed April 18,
2012

AFFIRMED IN PART, REVERSED IN PART, and
 REMANDED

 
 
 
 Michael T. Miller, of Florence, for
 Appellant.
 Lydia Lewis Magee, of Myrtle Beach, and Mason
 A. Summers, of Columbia, for Respondent.
 
 
 

PER CURIAM: Louis
 Green, Jr., appeals the trial court's grant of summary judgment to West Oil,
 Inc., d/b/a Markette Stores in this premises liability action.  The trial court excluded the testimony of Green's
 forensic toxicologist on two narrow points, and then granted summary judgment
 based on the failure to present evidence of proximate cause.  We reverse both
 points.  As to the remaining issue, we affirm.  Accordingly, the case is reversed
 in part, affirmed in part, and remanded pursuant to Rule 220(b), SCACR, and the
 following authorities:
1. We affirm as to the
 trial court's refusal to consider other damages:  Elam v. S.C. Dep't of Transp., 361 S.C. 9, 24, 602 S.E.2d 772, 780 (2004) (stating an issue raised to the trial court, but
 not ruled upon, requires a party to file a Rule 59(e), SCRCP, motion to
 preserve the issue for appellate review).
2. We reverse and
 remand as to the trial court's refusal to qualify a forensic toxicologist as an
 expert on medical causation for the sole reason that he was not a medical
 doctor:  Rule 702, SCRE ("If
 scientific, technical, or other specialized knowledge will assist the trier of
 fact to understand the evidence or to determine a fact in issue, a witness
 qualified as an expert by knowledge, skill, experience, training, or education,
 may testify thereto in the form of an opinion or otherwise."); Watson
 v. Ford Motor Co., 389 S.C. 434, 446-47, 699 S.E.2d 169, 175 (2010)
 (stating the proffered expert need not be a specialist in the particular branch
 of the field; the trial court need only find he has acquired the requisite
 knowledge and skill to qualify as an expert in the particular subject matter); Lee
 v. Suess, 318 S.C. 283, 285-86, 457 S.E.2d 344, 345-46 (1995) (holding the
 trial court erred in failing to qualify a plastic surgeon as an expert in the
 field of family practice where the plastic surgeon served as a professor who
 provided instruction to family practitioner residents and family practitioners
 referred their patients to him for diagnosis).
3. We reverse and
 remand as to the trial court's alternate ruling that even if the expert was
 qualified, his proffered testimony failed to meet the "most probably"
 standard for proximate causation because "medical experts must, with
 reasonable certainty, state that in their professional opinions that the
 injuries most probably resulted from the Defendant's negligence":  Armstrong v. Weiland, 267 S.C. 12, 16, 225
 S.E.2d 851, 853 (1976) (providing that before expert testimony is admissible
 upon the question of the causal connection between a plaintiff's alleged
 injuries and the actions of the defendant, the testimony must satisfy the
 "most probably" test); Baughman v. Am. Tel. & Tel. Co.,
 306 S.C. 101, 111, 410 S.E.2d 537, 543 (1991) ("In determining whether
 particular evidence meets this test it is not necessary that the expert
 actually use the words 'most probably.'"); id. (stating it is
 sufficient that the testimony represents that in the expert's professional
 judgment, the cause is the most likely one among the possible causes). 
AFFIRMED IN
 PART, REVERSED IN PART, and REMANDED.
FEW, C.J., and
 HUFF and SHORT, JJ., concur.