**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Tyrone Anthony Wallace, Jr., Appellant.

Appellate Case No. 2018-001242

---

Appeal From Beaufort County
Carmen T. Mullen, Circuit Court Judge

---

Unpublished Opinion No. 2021-UP-029
Submitted November 1, 2020 – Filed January 27, 2021

---

**AFFIRMED**

---

Appellate Defender Susan Barber Hackett, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General W. Jeffrey Young, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General William Joseph Maye, all of Columbia; and Solicitor Isaac McDuffie Stone, III, of Bluffton, all for Respondent.

---

**PER CURIAM:** Tyrone Wallace appeals his convictions for murder and kidnapping. On appeal, Wallace argues the trial court erred when it qualified the State's witness, Dylan Hightower, as an expert in historical cell site analysis because Hightower lacked the knowledge, skill, experience, training, or education necessary to render an expert opinion.

Because Hightower is the Director of the Fourteenth Circuit Solicitor's Office Intelligence Unit; has amassed seventy-two hours of training related to historical cell-site analysis; continues his education in historical cell-site analysis in the form of yearly online trainings; and has reviewed over one hundred sets of cell phone records, we find the trial court did not abuse its discretion in qualifying Hightower as an expert in historical cell-site analysis. Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Franks*, 432 S.C. 58, 76, 849 S.E.2d 580, 590 (Ct. App. 2020) (affirming the qualification of a police officer as an expert in call record translation and cell phone location data using GeoTime signature based on over fifteen years' experience, seminar attendance, and previous use of GeoTime in over fifty other cases); *Fields v. Reg'l Med. Ctr. Orangeburg*, 363 S.C. 19, 25, 609 S.E.2d 506, 509 (2005) ("Qualification of an expert and the admission or exclusion of his testimony is a matter within the sound discretion of the trial court."); *id.* at 26, 609 S.E.2d at 509 ("An abuse of discretion occurs when the ruling is based on an error of law or a factual conclusion that is without evidentiary support."); Rule 702, SCRE ("If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."); *O'Tuel v. Villani*, 318 S.C. 24, 28, 455 S.E.2d 698, 700-01 (Ct. App. 1995), *overruled on other grounds by I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 526 S.E.2d 716 (2000) ("To be competent as an expert, a witness must have acquired by reason of study or experience or both such knowledge and skill in a profession or science that he is better qualified than the jury to form an opinion on the particular subject of his testimony."); *Lee v. Suess*, 318 S.C. 283, 285–86, 457 S.E.2d 344, 346 (1995) (determining a witness's qualification is dependent on the particular witness's reference to the subject; any defects in the amount and quality of education and experience go to the weight of the expert's testimony and not its admissibility); *State v. Henry*, 329 S.C. 266, 273, 495 S.E.2d 463, 466 (Ct. App. 1997) ("There is no abuse of discretion as long as the witness has acquired by study or practical experience such knowledge of the subject matter of his testimony as would enable him to give guidance and assistance to the jury in resolving a factual issue which is beyond the scope of the jury's good judgment and common knowledge.").

**AFFIRMED.**[1]

**THOMAS, HILL, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.